No. 8.—WILLIAM W. CARLISLE, plaintiff in error, *vs.* MIAL M. TIDWELL, administrator of Josiah C. Berry, dec'd.

[1.] A motion is made for a new trial, on the ground of "newly discovered evidence."   The mover swears that he was not "apprised of the existence and materiality" of the evidence, until after the finding of the verdict: *Held*, that such an affidavit is not sufficient to support such a motion, especially in a case in which it is far from clear that the evidence, if admitted, ought to make any change in the verdict.

Debt, in Fayette Superior Court.   Motion for a new trial. Decided by Judge IRWIN, at Chambers, 9th March, 1854.

This was an action of debt, brought by William W. Carlisle,

against Mial M. Tidwell, as administrator on the estate of Josiah C. Berry, deceased, on the following note:

$581$\frac{56}{100}$.

Twelve months after date, I promise to pay William W. Carlisle, or bearer, Five Hundred and Eighty-one $\frac{56}{100}$ dollars, to bear interest from the 25th day of December last, for value received. Witness my hand and seal, this 10th April, 1841.

JOSIAH C. BERRY, [L. S.]

The action was commenced in 1849. The defendant filed a special plea of payment, alleging that the note had been fully paid off by Berry, in his life-time, to Carlisle, in money, lands and negroes.

On the trial, in support of his plea of payment, defendant introduced Thomas Berry, who testified, "that after the death of Josiah C. Berry, in the State of Alabama, at the April Term of Chambers Superior Court, in the year 1843, witness was arrested for debt, and confined in jail; that he was released, upon the ground that he would turn over property to discharge the debts against the witness and Josiah C. Berry; that there was some $1500 in judgments and suit against them, and other debts beside; that witness turned over five negroes, which sold for upwards of $1500; a tract of land which sold for $340; that he gave up a settlement of land, for which he contracted to pay $2000, (and had paid $800) in discharge of the original debt. That when he was under arrest, plaintiff made an examination of the dockets and otherwise, and reported that the property turned over, would pay all the debts, &c. That Carlisle, the plaintiff, told witness frequently afterwards, that he had no claims against the estate of Josiah C. Berry. That all the debts against witness and Josiah C. Berry were raked up in 1843, and property turned over sufficient to satisfy and discharge them, and they were discharged and paid off by the delivery of said property."

The defendant read in evidence a notice from Carlisle to Matthew Turner, administrator of Josiah C. Berry, in the State

Carlisle *vs.* Tidwell, adm'r, &c.

of Alabama, dated January, 1844, in which he notified "Turner that he held sixteen judgments for forty dollars each, and one for sixteen dollars and sixty cents, in favor of Dread E. Pace, for the use, &c. against Thomas and Josiah C. Berry; also a fi. fa. from the Circuit Court of Chambers County, in favor of Wm. Thaxton against Josiah C. Berry, and himself as security, for $106; also judgment in favor of C. G. Hudson for $240 85; also a note for forty-five dollars, due in 1841 against the said Josiah C. Berry."

The Jury found a verdict for the defendant : whereupon, Counsel for the plaintiff moved the Court for a new trial, upon the grounds—

1st. Because the Jury found contrary to evidence.

2d. Because the Jury found contrary to Law.

3d. Because, since the trial of the cause, the plaintiff has discovered evidence by which he can prove that the sale of the five negroes and the lot of land testified to by the witness, Thomas Berry, did not pay off all the judgments and executions, and the note sued on.

The newly discovered evidence, relied upon and produced, was, 1st. An exemplification from the records of the Circuit Court of Chambers county, Alabama, containing a judgment and execution in favor of Cuthbert G. Hudson, against the said Thomas Berry, at the April Term, 1842 of said Court— from which exemplification it appeared that said *fi. fa.* to the amount of $221, was, on the 5th day of September, 1842, transferred by said Hudson to Carlisle, and which was still open and unsettled.   2d. The affidavit of Alexander G. Murray, of Griffin, Ga. setting forth that on the 25th day of March, 1843, he and his partner in the practice of the Law, received from Jas. E. Reese, for collection, a note for $233 28, made by Thomas and Josiah C. Berry, on the 27th January, 1841, and due 25th December ensuing; that Tidwell had admitted the justness of said note, and had promised to pay it ; that Thomas Berry had also admitted to witness that said note was just and owing."   3d. The testimony of one Leroy Driver of Chambers County, Alabama, as taken by interrogatories in another case

against said Tidwell as administrator, in the Superior Court of Fayette county, and of file in said Court, in substance, " that he, the said Driver, was cognizant of the application of the money arising from the sale of the five negroes, testified about by Thomas Berry.

In support of his application, the plaintiff, Wm. W. Carlisle, submitted his affidavit, verifying the facts set forth, and also stating that he was not " apprized of the existence and materiality" of the said newly discovered evidence, until after the rendition of the verdict.

After argument had on the motion for a new trial, the Court over-ruled the same and refused to grant it, and Counsel for plaintiff excepted.

STONE, for plaintiff in error.

TIDWELL, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

The new trial was moved for on three grounds.   1. That the verdict was contrary to evidence.  2d. Contrary to Law. 3d. That the plaintiff had discovered new evidence since the trial.

There is plainly no foundation for the first and second grounds.

[1.] As to the third, the plaintiff's affidavit does not support it—does not say that the evidence which he wishes to use, has been discovered since the trial.   What the affidavit says is, that he, the plaintiff, was not " apprized of the existence *and materiality*" of that evidence, until after the rendition of the verdict.   He does not say, that he did not know of the *existence* of the evidence.   And it is to be presumed, that he does not mean so to say, for it is apparent from that evidence itself, that he knew of the existence of much of it.   He knew, as appears by the exemplification from the Court in Alabama, of the existence of the *fi. fa.* in favor of Hudson against Thomas

Carlisle *vs.* Tidwell, adm'r, &c.

Berry; for the exemplification shows the *fi. fa.* to have been transferred to him, himself, as long before as September, 1842, and his notice to Turner, the administrator of J. C. Berry, dated January, 1844, mentions that *fi. fa.* as one then belonging to him. So, likewise, he knew of the existence of the seventeen *fi. fas.* in favor of Pace, for the use of Simmons against T. Berry and J. C. Berry, and of the existence of the fact that these *fi. fas.* received a part of the money for which the negroes of Thomas Berry were sold: for Driver's interrogatories say, that such part of the money was credited on the *fi. fas.* which, with others, had been levied on the negroes; and his, the plaintiff's same notice to Turner, the administrator, mentions these *fi. fas.* as being also held by him, which notice was in 1844.

This being so, it is necessary so to construe the plaintiff's affidavit, as to make it mean to say, that although he was aware of the *existence* of the evidence, he was not aware of its *materiality.*

But such an affidavit is not sufficient to support a motion for a new trial, made on the ground of evidence, discovered after the trial. For it is the discovery of unknown evidence: not of the *materiality* of known evidence, which can serve as a cause for a new trial.

The affidavit does not even say, that the plaintiff had *forgotten* the existence of the evidence.

And, indeed, if this evidence on a new trial, should one be granted, should be laid before the Jury, it is far from clear that it ought to bring about any change in the verdict—that it ought to do away with the effect of the absence of this large note from the notice, which the plaintiff gave J. C. Berry's administrator, Turner, of the demands which he held against him, as such administrator, and with the effect of his admissions made to Thomas Berry, fortified as each particular is, by such a lapse of time.

So, therefore, this third ground is likewise insufficient to support the motion for a new trial.

Therefore, the judgment of the Court below ought to be affirmed.