MARY E. JOHNSON v. IRA W. FUTRELL.

*Service of Summons—Jurisdiction to sell land for assets—Administrators.*

1. The acceptance of service of summons by one is sufficient to authorize the court to proceed against him as a party to the cause.

2. An administrator obtained an order in 1869 from the judge of the superior court to sell lands for assets; *Held* no error. The jurisdiction in such case was not exclusively in the clerk, as probate judge. (Acts of Assembly curing defects in jurisdiction, &c., reviewed by SMITH, C. J.)

(*Nicholson* v. *Cox*, 83 N. C., 44; *Doyle* v. *Brown*, 72 N. C., 393; *Bell* v. *King*, 70 N. C., 330; *Herring* v. *Outlaw*, *Ib.*, 334; *Johnston* v. *Davis*, *Ib.*, 581; *McAdoo* v. *Benbow*, 63 N. C., 461, cited and approved.)

CIVIL ACTION tried at January Special Term, 1882, of NORTHAMPTON Superior Court, before *Graves, J.*

The plaintiff appealed from the judgment below.

*Mr. R. B. Peebles*, for plaintiff.
*Messrs. D. A. Barnes* and *S. J. Wright*, for defendant.

SMITH, C. J. The plaintiff claims the land in dispute under proceedings instituted in the county court of Northampton in the year 1865, by the heirs at law of Elisha Johnson, for partition of the lands descending from him and an assignment of her share in severalty. The defendant derives title to this assigned share by virtue of a sale made by the administrator, James H. Vinson, on a license obtained from the judge of the superior court upon a petition filed therein against the said heirs at law, at spring term, 1869, and a deed for the land. In support of his title the defendant introduced the record of the said suit, from which it appears that upon the back of the summons issued is endorsed the words, "service accepted," followed

by the names of the heirs at law, children of the intestate, the plaintiff being one of them. The plaintiff objected to the sufficiency of the evidence to divest the estate of the plaintiff, for the reason that it does not appear that she was a party to the action, and if it did the superior court had no jurisdiction in the premises. The court expressing the opinion that the evidence was admissible, the plaintiff in submission thereto suffered a non-suit and appealed. These exceptions are presented for review.

1. The practice of proceeding with a cause when a written acknowledgment of service signed by the defendant is endorsed upon the process, in like manner as when service is returned by the officer to whom the process is directed, has been uniform and universal in this state, and its regularity and sufficiency are not open to question. It is true the genuineness of the entry as the act of the defendant must be made to appear to the court in which the action is depending, and to have legal force must proceed from one possessing capacity to do the act, in order to the validity and binding effect of subsequent proceedings upon the defendants. But when the court proceeds with a cause in which the defendants are thus made parties, it must be assumed that the genuineness of the entry was satisfactorily shown, without any express adjudication of the fact appearing in the record. *Nicholson* v. *Cox*, 83 N. C., 44. If the signatures are not endorsed by any of the defendants, nor by their authority or consent, with intent to dispense with service by an officer and make themselves parties to a cause instituted in court, the record can be corrected only by a direct application, as pointed out in *Doyle* v. *Brown*, 72 N. C., 393, as its verity cannot be collaterally assailed. Nor is it required that the judgment, predicated upon the fact of the defendants' presence by their own voluntary act, shall in direct terms declare the sufficiency of the service, in order to its regularity and validity, inasmuch as the service ap-

pears upon inspection of the process, and does not depend upon proof of some extrinsic fact to be adjudged, as in case of parties made such by publication.

2. The want of jurisdiction in the superior court to entertain the application and grant the relief: This exception we deem equally untenable. The act of 1868–'69, ch. 113, the forty-second section of which directs the representative of a deceased debtor, when the personal estate is insufficient to pay the debts and charges of administration, to apply by petition to the superior court of the county wherein the intestate's lands or some part of them are situate for license and authority to sell, went into effect on July 1st, 1869, and was not in force when the decree of sale was made at spring term preceding. § 116.

The subsequent explanatory act of 1869–'70, ch. 58, declares, that the previous enactment "shall apply to the estates of such deceased persons only whereof original admintration has been granted since July 1st, 1869," and that all estates whereof administration was granted prior to that date, "shall be dealt with, administered and settled according to the law as it existed just prior to that date," and it is declared that "such was the true intent and meaning" of the former act. The proviso annexed is "that nothing herein contained shall be construed to prevent the application of said act, so far as it relates only to the courts having jurisdiction of any action or proceeding for the settlement of an administration, or to the practice and procedure."

If the "*superior court*" designated in the section be that held by the clerk in his capacity of probate judge and not that over which the judge presides, (and the term would be applicable to either,) it had not displaced the pre-existing law which confided the jurisdiction to both the county and superior courts under the former judicial system, and did not control the present suit, the decree of sale in which was rendered at spring term, 1869. Rev. Code, ch. 46, § 45. In

this uncertainty as to the proper jurisdiction, the general assembly passed the remedial and curative statute which declares "all proceedings heretofore had in the superior courts (designated in the preamble as 'superior courts before judges and superior courts before the probate judges and clerks of the superior courts') of the state in any action, petition, special proceeding in dower, for partition of real estate, widow's year's allowance, *by administrators to sell real estate to pay debts,* which may have been improperly or irregularly instituted and begun in said courts, be and are hereby in all things confirmed and made valid so far as regards the question of jurisdiction in such cases, to the same extent as if such proceedings had been originally begun in the proper court." Acts 1870–'71, ch. 108. This statute was followed by another, re-enacting the former in the same words, and adapting it to similar cases then existing. Acts 1872–'73, ch. 175. This statute soon after came before this court, and its corrective efficacy recognized in the cases of *Bell* v. *King,* 70 N. C., 330; *Herring* v. *Outlaw, Ib.,* 334, and *Johnston* v. *Davis, Ib.,* 581.

The clerks, as probate judges, were vested with jurisdiction, not declared exclusive, by article 4, section 17, of the constitution of 1868, (it is omitted in the amended constitution of 1875,) in certain specified matters, and such other matters as shall be prescribed by law. This does not prohibit the conferring of jurisdiction in applications for the sale of lands of deceased debtors, upon the superior courts presided over by the judges as curative measures rendered necessary by the uncertainties, leading to irregularities, mentioned in the statute. *McAdoo* v̇. *Benbow,* 63 N. C., 461.

It must therefore be declared there is no error in the record, and the judgment is affirmed.

No error.                              Affirmed.