ALICE FOWLER et als v. W. P. POOR et als.

*Judgments—Irregular—Motion in the Cause—Infants—Judicial Sale—Innocent Purchaser.*

1. Where an action has been determined by a final judgment, a new action and not a motion in the cause, is the proper method to attack the judgment for fraud.

2. Where the object is to set aside a judgment for irregularity, although the action has been determined and a final judgment rendered, a motion in the cause and not a new action is the proper manner of proceeding. '

3. Where a petition to sell lands for assets, was filed, and service made on the infant defendants, but no guardian *ad litem*, was appointed until after the order of sale, when one was appointed who was represented by the attorney of the plaintiff, who was also the purchaser of the land, and came in and consented to the order of sale; *It was held*, that the irregularity was not such as rendered the judgment void, and was cured by the statute. The Code, §387.

4. A purchaser at a judicial sale need only see that the Court has jurisdiction, and that the judgment authorizes the sale.

5. If a judgment and sale be fraudulent and liable to be set aside as to the purchaser, an innocent party buying from' such fraudulent purchaser, gets a good title.

(*Johnson* v. *Futrell*, 86 N. C., 122; *Howerton* v. *Sexton*, 90 N. C., 581; *Williamson* v. *Hartman*, 92 N. C., 736; *Morris* v. *Gentry*, 89 N. C., 248; *England* v. *Garner*, 90 N. C., 197, cited and approved).

CIVIL ACTION tried before *Graves, Judge*, at Spring Term, 1884, of the Superior Court of TRANSYLVANIA county.

The plaintiffs are the children and heirs-at-law of P. S. Morgan, who died about the year 1862, and at the time of their father's death, they were all infants of tender years.

The parts of the case settled upon appeal material to a proper understanding of the opinion of the Court, are as follows:

"It appears from the records of the Superior Court of Transylvania county, that at the Spring Term, 1869, of said court, W. P. Poor, administrator of P. S. Morgan, by his attorneys, Coleman & Duckworth, filed his petition for the sale of certain lands therein described, which are admitted to be the lands described in the complaint, which petition appears to be in proper form; that a summons issued the 27th of July, 1869, returnable to the Fall Term, 1869, of said Court, notifying the heirs of said P. S. Morgan, designating them each by his proper name, and on the back of said summons was endorsed, "Executed. R. Hamilton, sheriff."

That at the Fall Term, 1869, the following entry appears:

W. P. Poor, administrator of P. S. Morgan, dec'd, *ex parte*, petition for sale of land: order of sale granted.

That the report of sale showed that the land was sold to W. B. Duckworth on the 6th of August, 1870.

That at Fall Term, 1870, the records show the following entry:

W. P. POOR, Administrator of P. S. MORGAN, dec'd,
       *vs*
The heirs-at-law of P. S. MORGAN, MARCUS MORGAN, MANN MORGAN, GEO. B. MORGAN, ALICE MORGAN.

It appearing to the Court that the defendants are without guardian, Archibald Aiken, is appointed by the Court guardian *ad litem* of the said infants to defend this suit. The said A. Aiken, guardian, appears by his attorney, W. B. Duckworth,

---

---

Esq., and has himself made a party defendant to this suit, accepting service of process, and consents to the decree and all the proceedings had in this action. Leave is given, on his application, to the said guardian, to file an answer for himself and the said infants as of Fall Term, 1869. And at the same term, to-wit, Fall Term, 1870, the following order was made:

W. P. POOR, Administrator of P. S. ⎫
   MORGAN, dec'd, ⎪
           *vs.* ⎬
The heirs-at-law of the said P. S. ⎪
   MORGAN. ⎭

"This cause coming on for further directions, and it appearing that W. P. Poor, administrator of P. S. Morgan, dec'd, on the 6th day of August, 1870, sold the land described in the petition to W. B. Duckworth, at the price of eleven dollars, and the said sale appearing to be just and reasonable, it is therefore ordered and decreed that the said sale be confirmed, and that the said administrator proceed to collect the amount when it becomes due, and that he apply a sufficiency of the proceeds thereof to the payment of such debts and charges of administration as the personal estate may have been insufficient to discharge, after first deducting the costs of this suit. If any surplus shall remain in his hands after the payment of said debts and charges, the same is to be considered as real estate, and is to be disposed of by said administrator, among such persons as would have been entitled to the land itself according to law. It is further ordered that upon the payment of the whole of the purchase money, the said W. P. Poor, administrator, as aforesaid, is to execute a deed to the purchaser of said land."

The said Court began on the 10th day of October, 1870.

It is admitted that W. B. Duckworth, the purchaser at the administrator's sale, is the same person whose name appears to the petition as one of the attorneys of W. P. Poor, administrator of P. S. Morgan.

It is further declared that the proceedings for the allotment of dower to Margaret Morgan, widow of P. S. Morgan, are in all respects regular.

It is further found as a fact admitted by the plaintiffs, that the said Margaret Morgan has by deed duly executed, dated ..... ..., conveyed her dower right to the said W. B. Dnckworth.

It is further declared that on the ... day of ......, W. B. Duckworth executed a deed to Joseph Duckworth, conveying the land described in the complaint.

And the jury having been impanelled, found in response to the issues submitted to them:

1st. That value of the lands at the time of the sale to W. B. Duckworth, subject to the encumbrance of the widow's dower, was two hundred and fifty dollars.

2nd. That the rental value of the whole land, including the dower, was twenty-five dollars per annum.

3rd. That rental value of the land, exclusive of the dower allotted to the widow, was four dollars per annum.

4th. That the deed to the said W. B. Duckworth was not obtained by fraud on the part of the said W. B. Duckworth.

5th. That Joseph Duckworth did not have actual notice of any fraud in the deed to W. B. Duckworth.

6th. That value of all the land, including the widow's dower, was, at the time of the sale to W. B. Duckworth, six hundred dollars.

Thereupon, it was adjudged that the order of sale, and the sale thereunder, and the deed from said W. P. Poor to W. B. Duckworth are void, and that the title to the land described in the complaint, is still in the plaintiffs, the heirs of P. S. Morgan, subject to the widow's right of dower, which is considered to be in Joseph E. Duckworth by operation of the deed from Margaret Morgan to W. B. Duckworth, and from W. B. Duckworth to Joseph E. Duckworth.

It was also adjudged that the plaintiffs recover possession of all the lands described in the complaint, outside of the lands allotted

as dower to Margaret Morgan, and that a writ of possession issue therefor.

It was further adjudged that Joseph E. Duckworth was entitled to hold the land embraced in the dower set apart to Margaret Morgan, during her lifetime, and at her death the plaintiffs should recover possession of the land embraced in the said dower.

It was ordered that W. B. Duckworth surrender the deed executed to him by W. P. Poor, administrator of P. S. Morgan, to the Clerk, to be cancelled by him.

It was further adjudged that the plaintiffs recover of the defendants forty-eight ($48.00) dollars damages assessed by the jury.

The defendants having excepted, appealed to this Court.

No counsel for the plaintiffs.

*Messrs. Geo A. Shuford* and *J. H. Merrimon,* for the defendants.

MERRIMON, J. (after stating the facts). The purpose of this action, is to have an alleged fraudulent judgment, and sale of land under it, declared inoperative and void. The action is a proper one for that purpose. The proceeding in which the judgment complained of was given, was long ago completely ended, so that a motion or petition therein would not be appropriate. It is only when the action is not ended, that steps may be properly taken in it to have a fraudulent order or judgment therein set aside.

It would be otherwise, however, if the purpose were to set the judgment and sale aside for irregularity. In such case, a motion in the cause, although the action be ended, is the proper remedy. In this connection we may add, that, while it appears that there was some irregularity in the proceedings, judgment and sale of the land in question, it was clearly not such as rendered them void, and this irregularity was cured by subsequent statutes. The Code, §387; *Johnson* v. *Futrell,* 86 N. C., 122; *Howerton* v. *Sexton,* 90 N. C., 581; *Williamson* v. *Hartman,* 92 N. C., 236.

It is not alleged in the complaint, nor does it appear in any way in the record, that it was unnecessary to sell the land in question to make assets to pay debts; indeed, it seems to be conceded that the proceeding for that purpose was in itself unobjectionable. Nor does it appear from anything admitted in the pleadings or the findings of the jury, that the judgment was obtained by fraud, or that the sale of the land was fraudulent, and fraud is expressly negatived by the finding of the jury as to the deed to the defendant W. B. Duckworth; and it is likewise found as a fact, that the defendant Joseph Duckworth, did not have "notice of any fraud in the deed to W. B. Duckworth," from whom he purchased. So that he was, as appears by this affirmative finding, an innocent purchaser without notice of fraud.

As the case appears to us in the record, it is very clear that there is error in the judgment of the Court below. In the proceedings complained of, the Court had jurisdiction of the parties thereto, the subject matter, and authority to direct a sale of the land. The order of sale was very summary and indefinite as to its terms, but a sale and report thereof to the Court was made, and there was a judgment confirming the same, and directing an application of the proceeds, and it was also ordered that title be made to the purchaser. The allegations of fraud were not sustained by anything that appears in the record; on the contrary, in material respects, the jury expressly found that there was no fraud. It is not simply necessary to allege fraud in the judgment, but it must be made to appear to the Court by proper proofs.

Even if it appeared that the judgment and sale were fraudulent as to the defendants Poor and W. B. Duckworth, and they might be answerable to the plaintiffs in that respect, this could not affect the defendant Joseph Duckworth, because he bought the land without notice of such fraud, and must, therefore, be protected. He was only bound to see that the Court had jurisdiction of the parties and the subject matter of the proceedings, and that the judgment authorized the sale. All this appeared on

record, and must be allowed to protect him, in the absence of fraud, or notice thereof, on his part. *Morris* v. *Gentry*, 89 N. C., 248; *England* v. *Garner*, 90 N. C., 197, and the authorities there cited.

The purchase of the land, worth $250, by the defendant W. B. Duckworth for himself, at the grossly inadequate price of eleven dollars, he being counsel of the infant defendants, (the present plaintiffs), at the time, was, in a professional point of view, wholly indefensible, but it is not within the scope of this action, certainly in its present shape, to determine his civil liability on that account to the plaintiffs. Such purchase was not necessarily fraudulent, although it might be evidence of fraud, or a fraudulent intent.

We think it proper to say in this connection, that if the facts are as they appear to be, he ought to hasten to make reparation to the plaintiffs, and not wait for an action to be brought against him. It is a grave breach of professional propriety for an attorney to take unconscionable advantage of his client, more especially, when they are infants and of tender years.

There is error, for which the judgment must be reversed.

Error.                                                    Reversed.