JOSEPH G. BRICKHOUSE v. DEBORA SUTTON et al.*

*Evidence—Record—Service—Jurisdiction—Estoppel—Return of Sheriff—Deputy—Dower—Irregularity.*

1. The statutes enacted to cure irregularities in respect to the jurisdiction of the Courts in special proceedings are valid.

2. The recital in the record of a cause that the defendants therein had been served with process, is evidence that the service was made and the Court acquired jurisdiction of the persons. Such record cannot be attacked collaterally; if assailed for irregularity it should be by a motion in the cause; if for fraud, and the action be ended, by independent suit.

3. The Sheriff is not required to attest the report of the jury to allot dower.

4. Whether the return of process by a Deputy Sheriff in his own name is sufficient, *Quære.*

CIVIL ACTION, tried before *Avery, J.,* at Spring Term, 1887, of TYRRELL Superior Court.

The action is brought to recover possession of the land described in the complaint. The plaintiff claims a life estate therein for the life of Elizabeth Sutton by virtue of a deed of conveyance executed by her to him on the 26th day of March, 1880, she being the widow and doweress of Henderson Sutton, who died intestate in December, 1868. The defendants are the heirs at law of the latter.

At February Term, 1869, of the Superior Court of the County of Tyrrell, the widow named filed her petition in that Court to obtain dower in the land mentioned. Process issued returnable to the next fall term of the Court to make the heirs at law parties defendant to such application to obtain dower. This process was directed to the heirs at law of the intestate, summoning them each personally, and the

---

*SMITH, C. J., having been of counsel, did not sit on the hearing of this cause.

same purported to be returned executed thus: "To hand August 12th, 1869, J. W. Woodhouse, Deputy Sheriff; executed August 24th, 1869, J. W. Woodhouse, Deputy Sheriff."

At the Spring Term, 1860, the Court made an order in the proceeding to obtain dower, whereof the following is a copy:

"It appearing to the Court that the defendants have been served with process and copies of the petition, and they failing to appear and plead or demur, it is adjudged and decreed by the Court that the petition be taken *pro confesso*. And the cause thereupon coming on to be heard, it is adjudged and decreed that the petitioner is entitled to dower in the lands in the petition mentioned. And it is further ordered that the following named persons, to-wit.: Samuel Norman, Asa Etheridge, John Patrick, Edmund McClees, Marcus D. Newberry, be appointed commissioners to lay off and assign to the petitioner one-third part of said lands, including the mansion and other houses and put her in possession of the same, and let a writ of dower issue accordingly."

Thereupon a proper writ issued to the Sheriff commanding him to summon the commissioners, freeholders named in the above order, to proceed to allot to the petitioner dower in the lands in question. These freeholders did assign dower and made report and return of their action, describing the land so set apart and that they had placed the petitioner in possession. The report recites that the freeholders were duly sworn, but it does not appear who administered the oath to them. They were attended by a deputy Sheriff, and he signed the report and return thus: "Attest: B. Jones, *Deputy Sheriff."*

The plaintiff claims as the grantee of Elizabeth Sutton, who is admitted to be still living. And while he admits that Elizabeth Sutton was not entitled to dower otherwise in the land in controversy, he insists that the defendants are estopped by a record offered by him from claiming her right

to dower in said land and the plaintiff's right as her grantee to recover possession during her life-time.

The defendants claim that their ancestor Henderson Sutton above named in his life-time conveyed the land to persons named, who afterwards conveyed the same in fee to the defendant Debora C. Sutton, under whom they claim.

It was admitted that Elizabeth was not entitled to dower unless by estoppel of record; that Henderson acquired the land before the year 1860, and was married to Elizabeth before that year.

As bearing on the question of estoppel defendants contended:

1. That the Superior Court had no jurisdiction in 1869 to assign dower.

2. That the service of the subpœna, appearing by endorsement thereon, was not valid.

3. That the attestation of writ of dower by B. Jones, Deputy Sheriff, was not valid.

Upon intimation from the Court that the jury would be instructed that upon the whole of the testimony and the facts admitted the plaintiff could not recover, the plaintiff suffered a judgment of nonsuit and appealed.

*Messrs. Pruden & Vann* and *R. P. Felton,* by brief, for the plaintiff.

*Mr. E. F. Aydlett,* for the defendants.

MERRIMON, J., (after stating the case).   The objection that the Superior Courts did not have jurisdiction of the proceedings to obtain dower in 1869 cannot be sustained.   The statute (Acts 1868–'69, Ch. 93, § 40; Bat. Rev., Ch. 117, § 9; *The Code,* § 2111,) expressly conferred such jurisdiction upon them.   Soon after the enactment of the statute just cited some doubt prevailed as to whether or not such proceeding should begin in the Court of Probate or in the Superior

Court before the Clerk thereof, or before the Court in term time. This doubt grew out of the novel and not very clearly defined duties of the Clerk of the Court. It gave rise to some conflict of judicial decision, and the result was the Legislature enacted the statute (Acts 1870–'1, Ch. 108, § 1; Bat. Rev., Ch. 17, §§ 425, 426,) which cures irregularities as to the jurisdiction of the Courts in respect to proceedings to obtain dower and other like special proceedings begun before its enactment. This statute has been repeatedly upheld as valid. *Ward* v. *Lowndes*, 96 N. C., 367, and the cases there cited.

We need not decide whether the return of the original process—the " subpœna"—in the proceeding mentioned of Elizabeth Sutton to obtain dower, in the name of the deputy sheriff and not in the name of the sheriff by the deputy— was sufficient of itself or not, because in our judgment the ascertainment of the fact and the recital of the same in the record by the Court that the defendants in that proceeding named had " been served with process and copies of the petition" therein, was altogether sufficient evidence—certainly *prima facie*—that the defendants had been served with process, and that the Court got and had jurisdiction of them. It appears from the proceeding that the Court had jurisdiction of the parties and the subject matter thereof. The proceeding—the order and judgments therein—were therefore apparently regular and valid—not void—at most in any case only voidable. So that they could not be disregarded and treated in this action as void, nor could they be attacked collaterally for irregularity or for fraud. To correct or set them aside for irregularity, a motion in the proceeding would be a proper remedy ; and as the proceeding is ended, it could be attacked for fraud only by an independent action. *Fowler* v. *Poor*, 93 N. C., 466, and cases there cited.

It is the service of the process for the purpose by some officer or person authorized by law to receive it, ordinarily the

sheriff, that causes the jurisdiction of the Court to attach to and lay hold and give the Court control of the party to be brought into Court in the action or proceeding. The return of the process, including a minute in writing indicating what action the officer took under and in pursuance of it, made by the sheriff, when it purports to be served, is evidence—strong evidence—*prima facie*, that it was served, and that the jurisdiction of the Court has attached to the party. The service thus appearing to have been made is regular and efficient, and prevails until it shall be overthrown by some proper proceeding for the purpose. The Court is presumed by law to be cognizant and to take judicial notice of the officer to whom it directs its precepts, and of his returns of the same. The presumption is that the return is true—else the Court would not act upon it, and when the Court, acting upon the return, proceeds in the action or proceeding, the strong presumption is that it had jurisdiction of the parties; its action is at least apparently regular, and must prevail until reversed or set aside in some proper way.

The return of process in question was made by a person professing to be and acting as deputy sheriff in his own name. This was irregular, at least—the return should have been made in the name of the sheriff by the deputy—but the service was unquestionably sufficient and regular, if made by the deputy—such service gave the Court jurisdiction of the parties served, and the irregularity was in the return, not in the service—there was the absence of the regular evidence of the service of which the Court could take judicial notice. Such evidence would have been the return in the name of the sheriff by the deputy. The defective return might have been amended upon proper application, if the facts warranted such action. But the Court might have made inquiry and ascertained that service was actually made by the deputy sheriff; indeed, it appears from the record that it did—it is recited therein, and in effect adjudged that service of process

was made on the defendants. It would be more satisfactory if the recital in the record of the fact of service had been fuller, and made some reference to the evidence of service, but this is not essential. Every intendment is in favor of the action of the Court and its sufficiency.

The ascertainment and recital of facts in the record by the Court imports verity and binding effect, and must be so treated for all proper purposes of the action, until in some proper way the action of the Court shall be successfully impeached. Thus, in this case it must be taken that the Court, acting upon proper evidence, ascertained and set forth in the record the important fact that the defendants in the proceeding in question were served with the process against them— that is, served regularly—effectually.

And so, also, where the parties go into Court and submit themselves to its jurisdiction for a proper purpose, and this fact is recited in the record, such record including the recitals, import verity and binding effect upon the parties everywhere; they cannot be heard to allege the contrary or attack the judgment in a collateral proceeding or action. This must be so, else the records of Courts would have neither certainty, permanency, nor efficiency—they would be snares to the innocent oftentimes, and utterly untrustworthy.

It is only when a Court of general jurisdiction undertakes to grant a judgment in an action or proceeding where it has not jurisdiction of the parties or the subject matter of the action, and this appears from the record by its terms or necessary implication, or by the absence of something essential, that the judgment will be absolutely void and have no effect, and may therefore be disregarded and treated as a nullity everywhere. In that case, the action of the Court would be *coram non judice.* *Doyle* v. *Brown,* 72 N. C., 393; *Spillman* v. *Williams,* 91 N. C., 483, and numerous cases there cited; *Morrow* v. *Weed,* 4 Iowa, 77; Wade on Notice, § 1370.

As to the third ground of exception: The statute does not

require the sheriff to attest the " writ of dower" or the report of the jury assigning the same; but if it were otherwise, the attestation of the report by the deputy would not render the proceeding void—it could only render it in such respect irregular and erroneous.

The principal question argued before us was that as to the sufficiency of the return of the process in question by the deputy sheriff in his own name and not in that of the sheriff by him. As it appears above that we have not found it necessary to decide this question, not entirely free from doubt; regularly, as we have said, returns should be made in the name of the sheriff by the deputy.

It was held in *Holding* v. *Holding*, 2 Law Rep., 440, that the return of a subpœna in the name of the deputy was insufficient. In *M'Murphey* v. *Campbell*, 1 Hay., 181, such return was held to be sufficient, although irregular, and in *State* v. *Johnston*, Id., 293, its sufficiency was doubted. In *Dobson* v. *Murphy*, 1 Dev. & Bat., 586, the Court held that such return was not such as could be taken notice of judicially, as that of an officer recognized by the law. See Murfree on Sheriffs, §§ 76, 856. We cite these authorities here to help the convenience of reference in future cases in which they may be pertinent.

The judgment of nonsuit must be set aside, and the action tried according to law.

                                        Error.