JOSEPH B. SPIVEY et. al. v. THOS. J. HARRELL et. al.

*Judgment—Fraud—Irregularity—Contract—Trust.*

1. Judgments are conclusive against all parties thereto until they are duly reversed or set aside for fraud or irregularity.

2. Where the action or proceeding, in which a judgment has been rendered is ended, the remedy for any fraud therein is by an independent action, but where it is sought to be avoided for irregularity, the remedy is by a motion in the cause.

3. Where the defendant alleged in his answer that the plaintiff, at a judicial sale of land, had bid off the property under a parol promise that he would convey it upon the defendant's repaying the purchase money, and a little advance; *Held*, that no trust or contract, which a Court of Equity would enforce was created.

This was a CIVIL ACTION for the recovery of land, tried before *Avery J.*, at Fall Term, 1887, of BERTIE Superior Court.

The following is so much of the case settled on appeal as is material to the questions decided:

"The plaintiffs put in evidence the record of a special proceeding entitled *A. Wilson et. al.* v. *T. J. Harrell.* It was admitted to be the record of the Superior Court. It was admitted by all parties that the four defendants (other than T. J. Harrell) who are mentioned in the pleadings, owned each one undivided twenty-fifth of the land in controversy, and that at the sale under said special proceedings, defendant T. J. Harrell, was made a party, and assented to the sale by virtue of said proceeding, but he alleged that he assented to the said sale on the parol agreement set up in the answer, and which is denied by plaintiffs.

The defendant Harrell, moved the Court to submit an issue as to whether the plaintiffs agreed to purchase and reconvey to him, as alleged in the answer. Plaintiffs objected on the ground that the parol argrement set up was not sufficiently definite in alleging that plaintiff was to repay

the purchase money, with 'a little advance.' Defendant Harrell insisted that the jury should also ascertain on an issue submitted, what was 'a little advance.' The Court refused to submit either of the issues asked, and defendant Harrell excepted. The Court submitted the issue whether the plaintiffs were the owners in fee simple of twenty-one undivided twenty-fifths of the land in controversy when the action was brought. He instructed the jury on said issue, among other things, that the defendant Harrell, was concluded by the record in the special proceedings from claiming any interest in the land sold under said proceeding, as against plaintiffs Defendant Harrell excepted. There was a verdict for the plaintiffs. The defendant T. J. Harrell, appealed, on the ground that the Court erred in refusing to submit the issue proposed, and in the instructions given."

No counsel for the plaintiffs.
Mr. J. E. Moore, for the defendant.

MERRIMON, J., (after stating the case.) Unquestionably the appellant is bound by the judgment in the special proceeding mentioned, and will continue to be until, and unless it shall be set aside for irregularity, or declared void for fraud. The Court, in that proceeding, had jurisdiction of him and the subject matter thereof, and moreover, he consented to the judgment.

The answer of the appellant to the complaint is very indefinite, and it is not at all clear whether his purpose by it was to attack the judgment in the special proceeding for fraud, or whether his purpose was to allege a parol agreement, by which the appellees were to purchase the land mentioned in the proceeding at the sale thereof, made in pursuance of the judgment mentioned, and then convey the same to him for a stipulated consideration, and insist that thereby a parol trust was created in his favor, but we think

that whether his purpose be the one or the other the judgment must be affirmed.

If the purpose be to attack the judgment in the special proceeding for fraud, as that proceeding is ended, this must be done by an independent action for that purpose. If the judgment is for any cause irregular, it might be set aside by a proper motion in the proceeding. *Fowler* v. *Poor*, 93 N. C., 466, and the cases there cited; *Brickhouse* v. *Sutton*, 99 N. C., 103.

If the purpose was to allege an agreement and a parol trust created by it in favor of the appellant, then we concur with the Court below, in the opinion that no sufficient agreement is alleged. The allegation of the answer in this respect is that "prior to the alleged sale he (the appellant) had an agreement with Spivey, that said Spivey was to buy the land and let defendant have it, said Spivey agreeing to do so, this defendant paying him a little advance upon it, or a little more than he should give," using the word "little."

It is not alleged that the appellees purchased the land for the appellant, or that the latter supplied the money to purchase it—on the contrary, the appellees were to purchase it for themselves, and afterwards sell it to the appellant at a "little advance"—whatever that might mean—upon the price they paid. The agreement specified no certain price to be paid, nor one capable of being reduced to a certainty. At most, the appellee agreed by parol to sell to the appellant a certain interest in land at a price not fixed. This created no trust, and no contract that a Court of Equity will enforce.

No such issue as that proposed by the appellant was raised by the pleadings, and the Court properly refused to submit it to the jury.                    Affirmed.