### 2689.    THOMAS *v.* THE STATE.

The proof of the corpus delicti being insufficient, and there being no evidence tending to show where the car alleged to have been broken was situated at the time of the alleged breaking, the conviction of the defendant was unauthorized, and a new trial should have been granted.

DECIDED JULY 19, 1910.

Indictment for car-breaking; from Fulton superior court—Judge Bell.    April 30, 1910.

*Moore & Moore,* for plaintiff in error.

*C. D. Hill, solicitor-general, D. K. Johnston,* contra.

RUSSELL, J.    The defendant was indicted for breaking into and entering a railroad-car in the custody of the Southern Railway Company.    He was arrested late at night on the streets of Atlanta by a policeman, who found him in possession of seven pairs of shoes, which were later identified as having come from a box of shoes which had been loaded into a car upon the tracks of the railroad company.    The defendant, upon being arrested, stated that he was carrying the shoes as directed by a hackman, to a house near by, but disclaimed any knowledge of where or how they were obtained.    Both drivers of the hack in question were introduced by the State, and denied having given the shoes to the defendant.    Testimony was introduced showing that shoes similar to those found in the possession of the accused were loaded into the car in question, and another witness testified that he sealed the car. No testimony, however, was introduced tending to show where the car was at the time of the breaking—whether it was broken into on the track where it was loaded, which was shown to have been in Fulton county, or whether the breaking was done at some other place.    Inasmuch as the proof of the corpus delicti is not clear and the venue not satisfactorily established, we deem it unnecessary

to discuss the other assignments of error. The defendant may be guilty of larceny, because he had the shoes in Fulton county (see *Burley* v. *State*, 81 *Ga.* 741 (7 S. E. 693)), but no one testified that the car was actually broken, and that it was in Fulton county at the time or after it had been broken and entered. As there must be another trial, however, we will say that under the evidence in the present record, the judge should have instructed the jury that where circumstantial evidence alone is relied upon to authorize a conviction, the circumstances must be sufficient to satisfy the jury of the defendant's guilt, to the exclusion of any other reasonable hypothesis than that he is guilty, and that if the circumstances relied upon are as consistent with the innocence of the accused as with the theory of his guilt, he should be acquitted. *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031). The law in its humanity requires that in every criminal case in which the guilt of the defendant is dependent wholly on circumstantial evidence, the jury should be instructed that if the proved facts are consistent with innocence, he is entitled to an acquittal.   *Judgment reversed.*