8974. FLEMING *v.* THE STATE.

HARWELL, J. 1. The sole ground of the motion for a new trial, other than the general grounds, is based on alleged "newly discovered" evidence. This ground affirmatively shows that the movant had knowledge of this evidence at the time of the trial, but it is alleged that "movant forgot to tell her counsel" about it, and did not "think to put this fact in her statement when she was on the stand making her statement." The mere fact, alleged in this ground, that the movant was "inexperienced in court trials" and did not know the legal effect of the evidence she omitted to introduce will not dispense with the requirement as to newly discovered evidence, that it "shall be discovered by the applicant *after* the rendition of a verdict against him." Penal Code, § 1088.

2. The evidence supported the verdict, and the trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 1, 1917.

Indictment for stabbing; from Cobb superior court—Judge Morris. May 21, 1917.

The indictment charged the defendant with the offense of stabbing. The charge grew out of a fight between two negro women. In this fracas both were cut and stabbed. In the motion for new trial it was insisted that a new trial should be granted upon the ground of alleged newly discovered evidence that the prosecutrix had, some time prior to the trial, entered a plea of guilty to stabbing, on an indictment growing out of the same transaction. The movant admitted knowledge of this fact at the time of trial, but asserted that she had no idea of its importance, and through pure ignorance failed to communicate it to her attorneys, "nor did she think to put this fact in her statement when she was on the stand making her statement." Her counsel were ignorant of it until told by her after the trial.

*Mozley & Gann, H. B. Moss,* for plaintiff in error.
*Herbert Clay, solicitor-general,* contra.