### 9562. ADAMS v. THE STATE.

BROYLES, P. J. 1. A ground of a motion for a new trial which complains of the admission of specified testimony must state the name of the witness whose testimony is complained of. *Hayes* v. *State,* 18 *Ga. App.* 68 (88 S. E. 752); *Peeples* v. *Butler,* 21 *Ga. App.* 310 (94 S. E. 278). Under this ruling the first ground of the amendment to the motion for a new trial can not be considered.

2. As the proof showed that the offense of having, controlling, and possessing intoxicating liquors was committed solely in October, 1917, after the passage of the prohibition law of 1917 (Ga. L. 1917, Ex. session, p. 7, 8), which became effective on March 28, 1917, and the trial having occurred on December 3, 1917, it was not harmful to the accused that the court charged the jury that the offense could be proved at any time within two years prior to the filing of the charge against him.

3. The affidavit of the defendant in support of the ground of his motion for a new trial based upon alleged newly discovered evidence shows that much of this evidence was known to him before his trial, although he did not then know it was material evidence, and that he failed to inform his counsel concerning it. See in this connection *Carlisle* v. *Tidwell,* 16 *Ga.* 33. Moreover, this evidence was cumulative in its character, and the brief of evidence clearly shows that substantially all of it that would have been relevant was known to the defendant, or could have been discovered by him with the use of ordinary diligence, before his trial. In addition, the supporting affidavits as to the good character, etc., of the newly discovered witnesses are defective, in that they fail to show their associates or means of knowledge. Civil Code (1910), § 6086; *Young* v. *State,* 56 *Ga.* 403, 406. Under such circumstances it was not error for the judge to overrule this ground of the motion for a new trial.

4. The verdict was authorized by the evidence.

*Judgment affirmed. Bloodworth and Harwell, JJ., concur.*

DECIDED MAY 1, 1918.

Accusation of possessing intoxicating liquor; from city court of Carrollton—Judge Beall. January 7, 1918.

*E. T. Steed, J. H. Hudson, I. N. Cheney,* for plaintiff in error.

*Willis Smith, solicitor,* contra.