## 10382.  BYERS *v.* THE STATE.

The alleged newly discovered evidence in this case does not require a new trial.

DECIDED JULY 23, 1919.

Indictment for manufacture of intoxicating liquor; from Putnam superior court—Judge Park.  February 11, 1919.

*R. C. Jenkins, S. T. Wingfield,* for plaintiff in error.

*Doyle Campbell, solicitor-general,* contra.

STEPHENS, J.  The only ground of the motion for a new trial that is insisted upon in the brief of counsel for the plaintiff in error relates to alleged newly discovered evidence.  The record shows that this alleged newly discovered evidence is that of witnesses who testified against the plaintiff in error in the investigation before a United States Commissioner in the presence of the plaintiff in error, and therefore can in no sense be "newly discovered evidence."  The mere fact that the defendant "did not know of its relevancy and importance" will not avail him.  *Fleming* v. *State,* 21 *Ga. App.* 188 (93 S. E. 1012); *Adams* v. *State,* 22 *Ga. App.* 252 (3) (95 S. E. 877); *Rachels* v. *State,* 22 *Ga. App.* 649 (96 S. E. 1045).  In his affidavit attached to the motion for a new trial it is not stated that he "did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence."  Civil Code (1910), § 6086.  Hence this ground of the motion should not be considered by this court.  Moreover, this alleged newly discovered evidence is merely impeaching in its nature, and "it is a sound and well-settled rule that a new trial will not be granted on the ground of newly discovered testimony, if the only object of the evidence be to impeach the character or credit of a witness. Where one has been convicted of a crime, on false testimony, and witnesses have subsequently been discovered who can prove that testimony false, it is better that redress should be sought in executive clemency than that the court by granting a new trial should violate a general rule essential to the pure and certain administration of justice."  *Levining* v. *State,* 13 *Ga.* 513 (1-2).

*Judgment affirmed.  Broyles, P. J., and Bloodworth, J., concur.*