### 11039. WALKER v. THE STATE.

BROYLES, C. J.   1.   The defendant, upon the hearing of his motion for a continuance on account of an absent witness, not showing that the witness had been subpœnaed, or that he expected to have the testimony of the witness at the next term of the court, the court did not err in overruling the motion.

2. There being both direct and circumstantial evidence connecting the defendant with the transaction charged, the court did not err, in the absence of a timely written request, in failing to instruct the jury upon the law of circumstantial evidence.

3. The verdict was authorized by the evidence.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 6, 1920.

Indictment for possession of intoxicating liquor; from Newton superior court—Judge Hutcheson.   October 25, 1919.

*Rogers & Knox,* for plaintiff in error.

*George M. Napier, solicitor-general,* contra.

---

### 11061. GRIFFIN v. THE STATE.

BROYLES, C. J.   1.   "While in every criminal case, where it is sought to show the guilt of the defendant by circumstantial evidence alone, the jury should be instructed and cautioned that he should not be convicted on circumstantial evidence, unless the proven facts exclude every possible reasonable hypothesis save the guilt of the defendant, still it is immaterial what language is employed to convey this instruction. If all possible hypotheses arising from the circumstantial evidence which are favorable to the defendant be presented in concrete statement to the jury, and the jury are told that if they believe any one of these hypotheses the defendant should be acquitted, the principal above referred to would be sufficiently presented." *Mangum* v. *State,* 5 *Ga. App.* 445 (2) (63 S. E. 543). Under this rule and the facts of the instant case (conceding that the defendant's conviction depended entirely upon circumstantial evidence), the charge of the court sufficiently presented to the jury the law of circumstantial evidence.

2. The 2d special ground of the motion for a new trial, not having been referred to in the brief of counsel for the plaintiff in error, is treated as abandoned.

3. The verdict was authorized by the evidence.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 6, 1920.

Conviction of "unlawful shooting;" from Putnam superior court —Judge Park.   October 23, 1919.

*S. T. Wingfield, R. C. Jenkins,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. G. Foster, solicitor,* contra.