## 11992.   ROUNTREE *v.* THE STATE.

Where the name of the witness is not stated in a ground of a motion for a new trial complaining that certain testimony of a witness was admitted, the ground will not be considered by this court.

It not appearing that the court failed to give in charge the law as to circumstantial evidence, it is not ground for a new trial that the court did not charge on that subject in certain language set out, especially since it does not appear that there was a request so to charge.

Refusal to direct a verdict is not ground for a new trial.

DECIDED MARCH 8, 1921.

    Indictment for burglary; from Floyd superior court — Judge Wright.   November 6, 1920.

    *Lee J. Langley,* for plaintiff in error.

    *C. H. Porter, solicitor-general,* contra.

    BROYLES, C. J.   1. A ground of a motion for a new trial which complains of the admission of specified testimony must state the name of the witness whose testimony is complained of.   *Adams* v. *State,* 22 *Ga. App.* 252 (95 S. E. 877), and cases cited.   Under this ruling the 4th ground of the amendment to the motion for a new trial cannot be considered.

    2. The 5th ground of the amendment to the motion for a new trial, after alleging that the evidence was wholly circumstantial, does not aver that the court failed to instruct the jury upon the law of circumstantial evidence, or failed to charge section 1010 of the Penal Code (1910), but merely complains that the court

failed to charge "this rule," and then the ground sets forth as "this rule" a quoted extract from the opinion (written by Russell, J.) in *Thomas* v. *State*, 8 *Ga. App.* 95 (68 S. E. 522), wherein it is said what the lower court, under the particular facts of that case, should have charged upon the law of circumstantial evidence. This extract is not in the language of section 1010 of the Penal Code and is much more comprehensive. Under the facts óf the instant case, it was not error, especially in the absence of a timely and appropriate written request, for the court to fail so to charge.

3. Under repeated rulings of this court and of the Supreme Court, there is no merit in a ground of a motion for a new trial which complains of the refusal of the court to direct a verdict.

4. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed. Luke and Bloodworth, JJ., concur.*