## 12615. MORRIS *v.* THE STATE.

BROYLES, C. J. 1. The first ground of the amendment to the motion for a new trial is as follows: "Because, since the rendition of the verdict of the above-stated case, certain material evidence, not merely cumulative or impeaching in its character, but relating to new and material facts, has been discovered by the movant, said evidence being in substance as follows, to wit: that the pistol or revolver alleged to have been used by the movant, as testified by the witness Longsworth. was the property of and in possession of, and in the home of Mrs. Frank Casey, at the time the witness Longsworth alleges it to have been in the possession of the movant." This ground is fatally defective, since it does not contain or refer to affidavits required by section 6086 of the Civil Code (1910). Further, it does not appear that any such affidavits were filed under order of the court and thus made a part of the record; and furthermore, no such affidavits were transmitted as a part of the record. See *McDonald* v. *State,* 129 *Ga.* 452 (4) (59 S. E. 242).

2. Grounds 2, 3, 4, 5, 6, 7, 9, 10, and 13 of the amendment to the motion for a new trial cannot be considered by this court, as each ground respectively complains of the admission of specified testimony of a witness, but fails to state the name of the witness. *Adams* v. *State,* 22 *Ga. App.* 252 (95 S. E. 877), and citations. Furthermore, most, if not all, of the grounds are not complete within themselves, and, to be understandable, would require reference to the brief of the evidence.

3. Ground 8 of the amendment to the motion for a new trial is not complete and understandable within itself; and grounds 11 and 12 cannot be considered, as each of these grounds complains of the admission of documentary evidence and the evidence is not set forth therein, either literally or in substance, nor attached thereto as an exhibit.

4. The evidence authorized the charge upon the subject of flight, and the charge was not error for any reason assigned.

5. The evidence amply authorized the verdict, and the court did not err in overruling the motion for a new trial.

> *Judgment affirmed.   Luke and Bloodworth, JJ., concur.*
> DECIDED NOVEMBER 16, 1921.

Indictment for robbery; from Fulton superior court — Judge Humphries.   May 28, 1921.

*Savage & Eplan,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens,* contra.