## 13457. PALMER *v.* THE STATE.

BROYLES, C. J. 1. A ground of a motion for a new trial, complaining of the court's ruling upon the admissibility of specified testimony, which does not state the name of the witness whose testimony was admitted or excluded, is too incomplete to be considered. *Hunter* v. *State*, 148 *Ga.* 566 (1) (97 S. E. 523); *Adams* v. *State*, 22 *Ga. App.* 252 (1) (95 S. E. 877), and citations. Under this ruling the 1st, 2d and 3d grounds of the amendment to the motion for a new trial cannot be considered.

2. Under the facts of the case the failure of the court to charge the law of confessions was not error, there being no appropriate written request so to charge. *Cook* v. *State*, 9 *Ga. App.* 208 (2) (70 S. E. 1019).

(*a*) This case is easily distinguished by its facts from *Rucker* v. *State*, 2 *Ga. App.* 140 (58 S. E. 295), relied on by counsel for plaintiff in error, where this court held, in substance, that under the particular

facts of that case, *the alleged confession of the accused not having been corroborated by proof of the corpus delicti*, the court erred, even in the absence of an appropriate written request, in failing to instruct the jury upon the law of confessions. Moreover, the decision in the *Rucker* case is apparently in conflict with the ruling of the Supreme Court on this subject. See *Thomas* v. *State*, 150 *Ga.* 269 (103 S. E. 244), and citations.

3. The verdict was authorized by the evidence and approved by the trial court.        *Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED MAY 9, 1922.

Indictment for larceny of automobile: from Hancock superior court — Judge Park. February 21, 1922.

*G. Lee Dickens*, for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement*, contra.