## 16385.   ADAMS *v.* THE STATE.

BLOODWORTH, J. 1. While the right to a thorough and sifting cross-examination should not be abridged, yet where a person is on trial and a witness for the State uses a private memorandum book to refresh his memory, no error harmful to the accused is pointed out in the ground of the motion for a new trial which alleges that the court "refused to allow counsel for defendant to see it (the book) or cross-examine the witness about the paper." See, in this connection, Park's Penal Code, § 1046; *Schall* v. *Eisner,* 58 *Ga.* 191 (2); *Smith* v. *State,* 17 *Ga. App.* 298 (1) (86 S. E. 660).

2. "A ground of a motion for a new trial, complaining of the court's ruling upon the admissibility of specified testimony, which does not state the name of the witness whose testimony was admitted or excluded, is too incomplete to be considered. *Hunter* v. *State,* 148 *Ga.* 566 (1) (97 S. E. 523); *Adams* v. *State,* 22 *Ga. App.* 252 (1) (95 S. E. 877), and citations." *Palmer* v. *State,* 28 *Ga. App.* 567 (1) (112 S. E. 154). "Grounds of a motion for a new trial should be complete within themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error. *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157

(4) (91 S. E. 32); *Powell* v. *State*, 25 *Ga. App.* 329 (3) (103 S. E. 174)." *Moore* v. *State*, 27 *Ga. App.* 781 (110 S. E. 55). Under the rulings in the foregoing cases, even if special ground 3 of the motion could be considered by this court, special ground 2 could not. However, neither of these grounds shows error. See, in this connection, *Hart* v. *State*, 14 *Ga. App*. 364 (7) (80 S. E. 909); *Tillman* v. *Bomar*, 134 *Ga.* 660 (2) (68 S. E. 504).

3. Section 1010 of the Penal Code of 1910 is as follows: "To warrant a conviction on circumstantial evidence, the proved facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis save that of the guilt of the accused." In charging this section the trial judge inadvertently used the word "should" where the statute has "must," in the last clause of the section. This slip of the tongue was not an error likely to mislead the jury and cause them to return a verdict different from what they would have done had the judge used the exact word of the statute, and the error is not of such materiality as to require the grant of a new trial. See *Griffin* v. *State*, 24 *Ga. App.* 656 (1) (101 S. E. 767); *Reynolds* v. *State*, 23 *Ga. App.* 369 (98 S. E. 246); *Owens* v. *State*, 139 *Ga.* 92 (1) (76 S. E. 860).

4. When considered in connection with the remainder of the charge, the instructions of which complaint is made in ground 5 of the amendment to the motion for a new trial do not require a reversal of the judgment.

5. Questions of fact are peculiarly for the jury, and where there is any evidence, as there is in this case, that supports a verdict which has the approval of the trial judge, this court can not interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 9, 1925. REHEARING DENIED JULY 14, 1925.

Indictment for larceny of automobile, etc.; from Fulton superior court—Judge Humphries. March 5, 1925.

*Thomas J. Lewis,* for plaintiff in error.

*John A. Boykin, solicitor-general, E. A. Stephens, Ralph H. Pharr,* contra.

ON MOTION FOR REHEARING.

PER CURIAM. It is well settled by repeated rulings of the Supreme Court and of this court that an excerpt from a charge, wherein a complete proposition is stated, is not erroneous merely because it fails to embrace an instruction which would have been appropriate in connection with that proposition. To reach the failure so to charge, a direct and independent assignment of error, complaining of such failure, is necessary. See *Rawlins* v. *State,* 124 *Ga.* 31 (16) (52 S. E. 1). This ruling shows that there is no merit in ground 5 of the amendment to the motion for a new trial. In *Mayfield* v. *State, 17 Ga. App.* 115 (86 S. E. 284),

relied upon by counsel for the plaintiff in error in his motion for a rehearing of this case, the assignment of error was not based (as in the instant case) upon a lengthy excerpt from the charge of the court, but was based solely and directly upon the failure of the court to charge the principle of law set forth in the ground. Moreover, the evidence in the *Mayfield* case, tending to connect the accused with the offense charged, was extremely meager, while in this case the flight of the defendant from the State, and various other suspicious circumstances, amply authorized his conviction. The motion for a rehearing is denied.