30549. SANDERS *v.* THE STATE.

DECIDED JUNE 27, 1944.

*H. L. Jackson, William Story,* for plaintiff in error.
*H. W. Nelson, solicitor-general,* contra.

MacINTYRE, J. 1. "While in every criminal case, where it is sought to show the guilt of the defendant by circumstantial evidence alone, the jury should be instructed and cautioned that he should not be convicted on circumstantial evidence, unless the proved facts exclude every possible reasonable hypothesis save the guilt of the defendant, still it is immaterial what language is employed to convey this instruction." *Mangum* v. *State,* 5 *Ga. App.* 445 (2) (63 S. E. 543). "Conceding that the defendant's conviction depended entirely upon circumstantial evidence, the failure of the judge, in the absence of a timely written request, to charge the jury the precise language of section 1010 of the Penal Code [Code of 1933, § 38-109] was not error. The judge presented in a concrete statement to the jury the only possible hypothesis arising from the evidence or from the defendant's statement which was consistent with his innocence, and instructed the jury that if they found this hypothesis to be true, the defendant should be acquitted. The principle of the law of circumstantial evidence was sufficiently presented by these instructions." *Hendrix* v. *State,* 24 *Ga. App.* 56 (2) (100 S. E. 55); *Griffin* v. *State,* 24 *Ga. App.* 656 (101 S. E. 767); *Cammons* v. *State,* 59 *Ga. App.* 759 (2 S. E. 2d, 205). See, in this connection, *Amason* v. *State,* 23 *Ga. App.* 784 (99 S. E. 631).

2. In the present case there was no request to charge. Even if we concede that the conviction of the defendant was dependent entirely upon circumstantial evidence, there are only two inferences which can be drawn from the evidence or the defendant's statement—(1) an inference of innocence; (2) an inference of guilt. The hypothesis consistent with innocence was fully and fairly stated to the jury, directly and specifically, in concrete form, and the jury were further instructed that if they were satisfied that the hypothesis consistent with innocence was true, or, if they had a reasonable doubt as to the truth of the hypothesis so stated, the defendant should be acquitted. Thus the judge did not commit reversible error in failing to charge in the language of the Code, § 38-109, which states abstractly the law of circumstantial evidence, for the principle of the law of circumstantial evidence was sufficiently presented by these instructions, even though it was presented in the concrete rather than in the abstract form.

3. The defendant contended "that during the progress of the trial the trial judge erred in that he did intimate or express an opinion to the jury as to what had been proved, as follows: When counsel for the defendant finished re-cross-examining, J. C. Rowan, the first State's witness, and excused him, the trial judge, without any word or any announcement, or any communication or gesture from the solicitor-general, said, 'proceed for the defendant.' Though done by inadvertence, movant contends that this is ample grounds for a reversal and new trial. It left the defendant and his counsel helpless, for the reason, had a motion for mistrial been made it would probably have brought from the court a statement that it was done by mistake, and a gentle reprimand of himself, and the case ordered to proceed. Yet, the fact that the court thought the State's evidence sufficient to convict could not by any process or apology erase from the minds of the jurors that thought." The contention of the defendant in this ground of the motion for a new trial does not show cause for a reversal.

4. The evidence supported the verdict; and the same having received the approval of the trial judge, and nothing being shown in the motion (the only two special grounds of which are dealt with above) to justify a new trial, the judgment is

*Affirmed. Broyles, C. J., and Gardner, J., concur.*