## ROSENBERG *v.* WEINSTEIN.

Evans, P. J. 1. Complaint is made that, in connection with an instruction on impeachment of witnesses by previous contradictory statements, the court charged: "When thus impeached, he may be sustained by proof of general good character, the effect of the evidence to be determined by the jury." The criticism is that the instruction was applicable to a named witness, as to whose good character no evidence had been submitted. An examination of the brief of evidence fails to disclose that any contradictory statements of this witness were proved. The charge was inapplicable to the case, but was not prejudicial to the losing party under the facts of the case.

2. The action was to recover damages because of an assault by the defendant on the plaintiff. Vindictive damages were claimed. In his instruction the court read the whole of Civil Code § 4504, on the subject of the allowance of damages; the last sentence of which is, "The verdict of a jury in such a case should not be disturbed, unless the

court should suspect bias or prejudice from its excess or its inadequacy." The quotation from the section is criticised as being inapplicable and as tending to suggest the idea that any verdict for vindictive damages could not be set aside. The court should have refrained from reading this part of the code section, as it only concerns the disposition by the court of a verdict including vindictive damages, and has no reference to the jury's allowance of such damages. But in the light of the evidence and the whole charge, the reading the whole code section will not require a new trial.

3. The plaintiff claimed special and general damages, and the defendant pleaded justification for the assault. It was not erroneous, as against the defendant, to charge: "The burden of showing the amount of the actual damage, if any, is on the plaintiff in this case."

4. After the jury had the case under consideration for some length of time, the court had them brought into the court-room and inquired if a recharge would be of any assistance to them. The spokesman of the jury replied that they were "troubled by matters of fact, and not matters of law." Counsel for plaintiff, in the hearing of the jury, requested the court to "ask them·how they stand." One of the jurors replied "eight to four." Counsel for defendant immediately objected to the language of counsel for plaintiff as being improper, but invoked no ruling from the court. The court caused the jury to return to their room without instructing them to disregard counsel's remark, and without reproving counsel for making it. *Held,* that the verdict will not be vacated because of this occurrence. *Southern Railway Co.* v. *Brown,* 126 *Ga.* 1 (54 S. E. 911).

5. Other assignments of error do not require a new trial, and the evidence supports the verdict.

> *Judgment affirmed. All the Justices concur.*
>
> August 13, 1915.

Action for damages. Before Judge Walker. Wilkes superior court. May 7, 1914.

*Colley & Colley* and *W. A. Slaton,* for plaintiff in error.
*J. M. Pitner* and *I. T. Irvin Jr.,* contra.