## 20085. CREED *v.* BUCKHOLTS.

STEPHENS, J. 1. Upon the trial of an issue formed by a tenant's counter-affidavit to a distress warrant and a counter-claim filed by the tenant for damages to his property which had been levied upon, where it appeared uncontradicted from the evidence that the damages alleged in the defendant's counter-claim arose by virtue of the manner in which the property levied on was handled by the levying officer after the levy had been made, and not by any act of the plaintiff himself or his agents, the evidence presented no issue for the jury's consideration arising out of the counter-claim, and the court did not err in failing to submit this issue to the jury.

2. Where a tenant in the counter-affidavit filed by him to the levy of a distress warrant contended that his obligation for the rental of the premises was to do certain repair work upon the fences and to place a new roof upon the dwelling-house, and that he had the entire term within which to do the work contracted for, and that at the time of

the levy of the distress warrant the rent was not due, and where there was evidence in support of the defendant's contentions as thus made, the defendant's contentions were not, in the absence of a special request more specifically to charge, made by the defendant, unfairly and insufficiently stated to the jury by the court in the charge, where the only reference made to the defendant's contentions in the charge by the court was that the plaintiff "brings his distress warrant" against the defendant "for the rent of a certain farm, to which [the defendant] has filed his counter-affidavit," and that this forms the issues which the jury are to try, and that the jury may refer to the pleadings for the purpose of ascertaining the issues presented. It does not appear that the failure of the court to more specifically charge the defendant's contentions caused the jury to misapprehend the contentions of the defendant or resulted in any injury to the defendant. *Central of Georgia Railway Co.* v. *McKinney*, 118 *Ga.* 535 (45 S. E. 430); *Jones* v. *McElroy*, 134 *Ga.* 857 (68 S. E. 729).

3. No error as contended for appears, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 28, 1930.

*H. L. Jackson, J. P. Knight,* for plaintiff in error.
*E. R. Smith,* contra.