21071.  BRISENDINE *v.* HUNT.

DECIDED APRIL 1, 1931.   REHEARING DENIED APRIL 15, 1931.

*William A. Thomas,* for plaintiff.

*Cleveland, Goodrich & Cleveland, Bryan, Middlebrooks & Carter,* for defendant.

LUKE, J.   James M. Brisendine brought his action for damages against Dr. Kenneth S. Hunt, a practicing physician and surgeon, for malpractice.   The trial resulted in a verdict for the defendant; the plaintiff's motion for a new trial was overruled and the movant excepted.

There being no demurrer in the case, it is deemed sufficient for the purposes of this decision to state somewhat generally the allegations of the petition.   It alleges that in operating for hemorrhoids on April 25, 1928, the defendant negligently "cut, ruptured, and severed the sphincter ani muscle in petitioner's body;" that when the wound resulting from said operation had thoroughly healed, "petitioner found out that he was unable to control the movement of his bowels;" that soon thereafter defendant examined petitioner and advised him that he had severed said muscle in said operation and that another operation would be necessary; that, on September 26, 1928, defendant again operated on petitioner in an endeavor "to sew or suture the ends of said cut and severed sphincter ani muscle together" that two days later petitioner left the hospital upon the advice of defendant, and that a day thereafter, when petitioner suffered severe pains in the lower part of his body, defendant told petitioner that "nothing could be done about it, because it would have to heal by granulation;" that when the wound had healed after the expiration of five or six weeks "so far as being sore and sensitive was concerned," petitioner was in a worse condition than he was before said second operation, and was totally unable to control the movements of his bowels; that defendant told petitioner that he did not know "if anything could be done about his condition, but that he would carry him to consult with another

physician;" that defendant never mentioned the subject again, but avoided petitioner, broke appointments with him, and finally abandoned him entirely; that since said first operation petitioner had never been able to control the movements of his bowels, and that his condition in that respect had constantly grown worse; that petitioner's said condition was embarrassing, humiliating, painful, and permanent, and greatly handicapped him in working at his trade of contracting and building; and that petitioner was fifty-five years old, had an expectancy of from twenty to thirty years, and had been damaged in the sum of $25,000. By an amendment duly allowed, the petition further alleged that the defendant negligently "cut, severed, and ruptured not only the external, but also the internal sphincter ani muscle;" that the defendant was negligent in carrying petitioner home two days after said second operation; and that defendant was negligent in failing to come to petitioner's aid for a day and a half when petitioner had called him after said second operation.

In his answer the defendant admitted performing the first operation, denied all allegations of negligence, and further pleaded "that the operation performed and treatment given by the defendant were properly, carefully, and skilfully performed and given," and that "defendant exercised the degree of care required by law in performing the operation upon the plaintiff and in the medical attention given the plaintiff."

In his brief, counsel for the plaintiff insists that the judgment should be reversed upon the general grounds, and forcefully presents his contention. We have carefully read and considered the one hundred and sixty odd pages of the brief of evidence, and are unable to concur in counsel's view. Granting that the jury might have concluded from the evidence adduced in behalf of the plaintiff that he was entitled to recover, we are quite sure that there is sufficient evidence to sustain the verdict. It appears from the record that when the first operation was performed the plaintiff was anemic, weak, and emaciated, and was suffering from a long-standing case of internal hemorrhoids which made an operation necessary; that plaintiff's said condition tended to weaken his sphincter ani muscles; that it was necessary to stretch said muscles in order to perform the necessary operation, and that, while it was unusual to rupture said muscles in performing such an operation,

it did sometimes occur that they were ruptured by a surgeon who was exercising all due care and diligence in performing the operation. According to defendant's detailed description of the operation, he performed it properly and in accordance with approved methods. He swore: "The operation I performed in April, 1928, was performed in the manner which is recognized generally as being proper. I did not do anything at that time or at any other time which is recognized by the profession generally as being improper or unskilful. I did not leave anything undone that a skilful surgeon would have done. I have never avoided Mr. Brisendine—never tried to dodge him." Dr. C. F. Griffith, who assisted Dr. Hunt in operating upon Mr. Brisendine, testified that both operations were performed skilfully and properly, and that in his opinion it was advisable to wait until September to perform the second operation.

Dr. A. H. Frye, sworn for the plaintiff testified in part as follows: "From all the facts and circumstances in my knowledge, including my examination of Mr. Brisendine to-day, I can not say whether or not the operation . . was skilfully or unskilfully done. The fact that the sphincter ani muscle was ruptured in stretching it for the operation does not necessarily imply that the stretching or the subsequent operation was negligently or unskilfully done. . . I could not tell from my examination of Mr. Brisendine whether the muscle was cut or ruptured. . . You can never sterilize a rectum. It is the sewer system of the body and you have millions of organisms there all the time, and if the suture is infected and turns loose and doesn't hold it doesn't mean that you have a defective suture, or that it was unskilfully done."

It would answer no good purpose to set out the evidence favorable to plaintiff in error. It is so well known that the jury are the judges of the credibility of the witnesses and the weight of the evidence, and that it is not a proper exercise of its authority for this court to reverse a judgment upon the general grounds of a motion for a new trial where there is any evidence to sustain the verdict, that citation of authorities in this regard is unnecessary. We are constrained to hold that the trial judge did not err in overruling the general grounds of the motion for a new trial.

■ Special ground 1 alleges that the court erred "because . . the following evidence was illegally admitted to the jury by the

court, over the objection of movant:" "My name is H. W. Cope-land. I am a practicing physician and surgeon . . here in Griffin. I have been in Griffin four years. I have been practicing twenty-nine years. I practiced in Jackson, Georgia, before coming to Griffin. I am not very much familiar with the operation to remove internal hemorrhoids; I haven't done any surgery for quite a while, because I wasn't convenient to a hospital. I am not familiar with the operation for removal of internal hemorrhoids. I have had quite a number of patients suffering from internal hemorrhoids sent to Atlanta to be operated upon, and sent back to me for future treatment. The only thing I know, the operations were performed by reputable surgeons. I only remember one who was unable to control his bowels about three years. He recovered; I think it takes a long time, but it will recover. It took this patient something like three years to get well." "The ground of the objection urged by movant before the court at the time the evidence was offered was that the evidence was not admissible because the witness was not qualified as an expert to testify on such matters, as is clearly discernible from the evidence itself."

Waiving the point that the evidence was objected to in its entirety and some material portion of it appears to have been admissible (*Higgs* v. *State,* 145 *Ga.* 414 (2), 89 S. E. 361), we will decide the question which the movant evidently sought to raise. If the witness had been practicing medicine for twenty-nine years and was "a practicing physician and surgeon," and had numerous patients who had been operated on for internal hemorrhoids by reputable surgeons under his direct supervision and treatment, we are of the opinion that the witness was competent to testify as he did, over the objection interposed. It was not necessary for him to qualify as a specialist in surgery. *Hughes* v. *Weaver,* 39 *Ga. App.* 597 (4) (148 S. E. 12).

It is urged in special ground 2 that after counsel for the plaintiff had cited and discussed to the court the case of *Hughes* v. *Weaver,* supra, "as being a case in point, almost in fact and law, with the case at bar," opposing counsel "emphatically misquoted . . . the facts of the *Weaver* case by saying: 'In that case the surgeon deliberately cut the sphincter ani muscle, and that was the reason why the jury found against the defendants.'" It appears from this ground that the alleged prejudicial comment was made

during a discussion by counsel of the law of the case before the court. It is not probable that such a remark would have the same influence upon a jury as language directed to the jury in arguing the case. The ground recites: "The movant then and there objected to such improper misquotation of the law of the case, and the court erred in not rebuking counsel for making such remark." What ruling of the court, if any, was evoked by the mere objection of counsel does not appear. It does not appear from the ground that any request was made that counsel be rebuked. Whether or not the court did anything in response to the objection should appear from the ground. Although it appears from the ground that the said remarks of counsel were made "in the presence and hearing of the jury," we are constrained to hold that this ground presents no cause for a reversal. See, in this connection, *Rosenberg* v. *Weinstein,* 144 *Ga.* 46 (4) (85 S. E. 1042); *O'Dell* v. *State,* 120 *Ga.* 152 (47 S. E. 577); *Young* v. *State,* 65 *Ga.* 525; *So. Ry. Co.* v. *Ray,* 28 *Ga. App.* 792 (8) (113 S. E. 590).

■ Special ground 3, complaining of alleged prejudicial remarks made by opposing counsel in his argument to the jury, will not be considered, for the reason that it does not appear that any objection was made to the remarks. *Bowens* v. *State,* 106 *Ga.* 760 (5), 764 (32 S. E. 666) and cit.; *So. Ry. Co.* v. *Ray,* supra.

■ Ground 4 complains that the court erred in refusing a written request to charge the jury as follows: "A person professing to practice surgery or the administration of medicine for a compensation must bring to the exercise of his profession a reasonable degree of care and skill. Any injury resulting from a want of such care and skill will be a tort for which a recovery may be had. The exercise of this degree of care and skill is the measure of professional duty in all cases; and whether this degree of care and skill has been exercised in a given case is a question of fact for you to decide. In determining such an issue, you must consider all the evidence as given by all the witnesses, including the plaintiff, Mr. Brisendine, and all the attendant facts and circumstances, which may throw light upon the ultimate question." The first two sentences of this requested charge are in the language of section 4427 of the Civil Code (1910), except in the use of the word "administration" for the word "administering;" and the court gave this section in charge verbatim. In support of the

correctness of the last sentence of the requested charge, counsel cites *Pace* v. *Cochran,* 144 *Ga.* 261 (86 S. E. 934). We observe, however, that the language used in that decision is this: "In determining the question of reasonable care and skill, the jury may consider . . all the facts and circumstances *which may be shown by the evidence.*" (Italics ours.) We are therefore inclined to believe that the requested charge does not ·meet the well-known requirement that it be "a perfect statement of the law applicable to the question dealt with." *Tanner* v. *State,* 161 *Ga.* 193, 198 (130 S. E. 64). However, in any event, the requested charge was substantially covered by the instructions of the court, and the court did not err in failing to give it.

■ Ground 5, complaining that the court did not read the petition as amended and the answer to the jury, is without merit. The court stated the main contention of the parties, told the jury that the pleading had already been read to them, and that they would have the pleading out with them, and that it would be their duty to read the amended petition and the answer in addition to having heard them read, "so that they would have no difficulty in knowing the contentions of the parties." "While it is the right and duty of the court to state the contentions of the parties, his reference to the pleadings as containing such contentions will suffice, unless the special facts of the case may require a formal statement of the actual issues in order to prevent possible misapprehension." *Jones* v. *McElroy,* 134 *Ga.* 857 (3), 859 (68 S. E. 29, 137 Am. St. R. 276). See also *Central of Ga. Ry. Co.* v. *McKinney,* 118 *Ga.* 535 (45 S. E. 430) ; *Creed* v. *Buckholts,* 41 *Ga. App.* 713 (2) (154 S. E. 472).

■ Ground 6 complains that the court instructed the jury that the defendant was not an insurer or guarantor of the results of the operation. Such instruction does not constitute reversible error, especially when it is considered with the other portions of the charge of the court. In this connection see *Smith* v. *Overby,* 30 *Ga.* 241, 243. In the same ground it is alleged as error that the court charged: "And he is not an insurer or guarantor of the result of his work; nor is he responsible for the judgment he employs, provided he acts in good faith in doing the work and in exercising the judgment." We do not like the wording of the "proviso" at the end of the foregoing excerpt, and are of the

opinion that a more accurate expression would have been, "if such error arises from the peculiar circumstances of the case, and not from want of proper care or competent skill on his part." See *Smith* v. *Overby,* 30 *Ga.* 243 (bottom of page). However, the court charged the jury in language which has many times been approved by this court (*Hughes* v. *Weaver,* supra) ; and in the light of the full and fair charge given by the court upon the care due by the defendant in the premises, this ground discloses no reversible error.

■ Ground 7, which is based upon the refusal of the trial judge to grant a new trial because of newly discovered evidence, will not be considered by this court, for the reason that it fails to comply with the mandatory requirement of the Civil Code (1910), § 6086, that "it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence :" and that "if the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced."

In conclusion, we hold that the record before us discloses no reversible error, and that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*