## 22245.  JONES v. BATTS.

DECIDED JUNE 14, 1932.

*Ben M. Turnipseed,* for plaintiff in error.
*E. R. King, Zach Arnold,* contra.

LUKE, J.  W. B. Batts sued Z. B. Jones on account to recover
$436.90, with interest thereon.  The jury returned a verdict for
Batts for $360.90, with interest, and, the defendant's motion for a
new trial having been overruled, the movant excepted.

The principal item of the account declared upon is, "For salary
for overseer of farm for the year 1930, $500."  The account con-
tains also items of $8, $3, and $35.  The account totalled $546,
and was credited with items aggregating $109.10, leaving a balance
due of $436.90, the amount sued for.

The following is substantially the answer to the petition: 1.
Admits jurisdiction.  2.  Denies every item of the account.  3.
Denies any indebtedness.  4.  "Answering further, defendant says:
(*a*)  That he did employ plaintiff to oversee his farm  . .  for
the year 1930 for  . .  $500."  (*b*)  Describes said farm by aver-
ring that it was a "fourteen-horse farm," and otherwise.  (*c*)
"That although plaintiff's entire time for the year 1930 was bar-
gained to defendant as such overseer, he failed and refused to per-
form said contract by accepting other employment for his own bene-
fit and in conflict with the interest of defendant without his con-
sent."  (*d*)  "That instead of looking after his, defendant's, farm,
and his interest therein, he absented himself three or four days out
of each week, and thus neglected said farm to defendant's injury."
(*e*)  "Plaintiff violated and refused to obey the instructions of
defendant as to the operation and cultivation of said farm."  (*f*)
"That said items of credit,  . .  totaling $109.10, together with

fifty-cent bag of snuff delivered to plaintiff on March 11, 1930, were paid by this defendant and accepted by plaintiff in full settlement and satisfaction for all services performed for year 1930."

W. B. Batts testified, in substance, that Jones agreed to pay him $500 for supervising said farm for the year 1930; that on December 29, 1929, he "moved in and took hold;" that he "looked after this place . . . one hundred per cent. in 1930;" that he "turned over to him 58 bales of cotton, 45 tons and 1300 pounds of peanuts, and housed for him 79 two-horse wagon loads of corn;" that the items in the account declared upon other than the salary item were correct; that he did not absent himself from said farm several days out of each week, and did not neglect his business in any way; that, with the express consent of Jones, witness carried children back and forth from school for sixty-five days for a consideration of $1 per day; that this work took about an average of thirty minutes to the trip; that on one occasion Jones asked him if "he would quit," and witness said that "he could give up the job," but that when witness took his books to Jones, Jones said, "don't pay any attention to my ways," and that "he was not going to turn me aloose;" and that when witness demanded a settlement of Jones on January 1, 1931, Jones said, "I haven't got the money, . . . but I will send it to you."

L. O. Price, sworn for the defendant, testified: "I saw Mr. Batts taking children to school. Mr. Batts would absent himself from the Jones farm three times a week. He would stay sometimes two or three hours. He was gone all day sometimes." S. P. Creel, sworn for defendant, testified: "I would see Mr. Batts here in town several times a week, possibly. He would come in town first one day, then the other. At first he came up by Jones's, and after that he would come up by the hotel. . . . I have seen him go through town with a lady." Z. B. Jones swore, in substance, that said contract was that Batts should "give his entire time" to looking after the farm; that he complained to Batts "time and again," and that Batts finally became so derelict in the performance of his duties that witness told him that "he would have to stay there and tend to the business or leave;" that witness saw Batts "in town nearly every day;" that witness reasoned with Batts and "tried to get him to stay there and work, but he just would not do it;" that witness never told Batts that he would release him from said con-

tract; and that witness was to pay Batts $500 for "his entire services."

The amount sued for was $436.90. The two small items of $8 and $3 added to $65 earned by Batts for transporting school children aggregate $76. This last sum deducted from $436.90 leaves precisely the amount of the recovery, to wit, $360.90. Evidently the jury allowed the item of $35, disallowed the two smaller items, and credited Jones with the $65 made by Batts by carrying children to and from school.

The jury evidently accepted as true the testimony of Mr. Batts to the effect that he had completely and properly performed his contract, and that he carried the children to and from school with the express consent of Mr. Jones. We are satisfied that the verdict is supported by the evidence.

Special ground 1, which is practically the same as the next ground, is not in proper form for consideration, for the reason that the expected answer of the witness is not stated.

We quote from special ground 2 as follows: "Mr. Turnipseed: In response to the question asked by me a while ago as to whether or not Batts, the overseer of Jones, abused Mr. Jones to any of the tenants and croppers on the place in 1930, we expect the witness to answer that he told him and the tenants on the place that Jones was a rascal and was low down, and it didn't matter what they made, that they need not expect to get any of it." This ground is fatally defective in that it nowhere shows the name of the witness whose testimony was rejected. In this connection we quote from *Courson* v. *State,* 42 *Ga. App.* 279 (2) (155 S. E. 797): "A ground of a motion for a new trial, complaining of the court's ruling upon the admissibility of specified testimony, which does not state the name of the witness whose testimony was admitted or excluded, is too incomplete to be considered. *Hunter* v. *State,* 148 *Ga.* 566 (97 S. E. 523) ; *Adams* v. *State,* 22 *Ga. App.* 252 (95 S. E. 877), and citations." The rule is quoted from *Palmer* v. *State,* 28 *Ga. App.* 567 (112 S. E. 154). This rule was followed in *Clare* v. *Drexler,* 152 *Ga.* 419 (6) (110 S. E. 176). We will say, however, that should we pass upon the exception, we would feel constrained to hold that it is not good.

Special ground 3 complains of the following excerpt from the charge of the court: "If you believe from the evidence in this case

that the defendant made and entered into a contract with the plaintiff, as set forth and alleged in his petition, and that he breached said contract in the way and manner set up and claimed therein, then you would find for the defendant." The criticisms of this charge are: (1) that "the same does not state with reasonable fullness and clearness the material and substantial contentions of defendant;" and (2) that it "did not present to the jury any contentions of the defendant, and same restricted the jury to the sole issue of a breach of contract on the part of plaintiff." The first criticism is too incomplete for consideration by this court for the reason that it entirely fails to indicate in what respect said contentions were not stated "with reasonable fullness and clearness." In this connection see *Hill* v. *Harris,* 11 *Ga. App.* 358 (11) (75 S. E. 518); *Yarbrough* v. *Stuckey,* 39 *Ga. App.* 265, 269 (147 S. E. 160). Furthermore, what counsel deems his "material and substantial contentions," or whether they were supported by the evidence, can not be ascertained from the ground. As to the second criticism, it need only be said that it appears from the quoted excerpt that it does present a contention of the defendant, and that it can not be concluded from the ground that the court did not elsewhere in his charge state other contentions than "breach of contract." In this connection it will be observed that the main defenses set up in the answer are that the plaintiff "failed and refused to perform said contract," and that there was "full settlement and satisfaction for all services performed for year 1930." After stating that defense the court immediately instructed the jury as follows: "What the court has just stated is not evidence, but the court has merely attempted to state the contentions of the respecive parties; . . it has not attempted to give you a minute detail of the plaintiff's and defendant's contentions, but you will have the pleadings out before you when you retire to your jury-room, and you will have an opportunity to look over, examine, and read those pleadings, and you can get a fuller and clearer insight of the same." We are of the opinion that the case comes within the rule laid down in *Brisendine* v. *Hunt,* 43 *Ga. App.* 115, 121 (158 S. E. 469), which is as follows: "While it is the right and duty of the court to state the contentions of the parties, his reference to the pleadings as containing such contentions will suffice, unless the special facts of the case may require a formal statement of the actual issues in

order to prevent possible misapprehension." See also the following citations in said case: *Jones* v. *McElroy,* 134 *Ga.* 857 (3), 859 (68 S. E. 29, 137 Am. St. R. 276); *Central of Ga. Ry. Co. v. Mc-Kinney,* 118 *Ga.* 535 (45 S. E. 430); *Creed* v. *Buckholts,* 41 *Ga. App.* 713 (2) (154 S. E. 472). Our conclusion is that this ground discloses no reversible error.

There is no merit in special ground 4, which is that "the entire charge of the court, taken as a whole, did not present to the jury any of the contentions of the defendant, and that the defendant was entitled to have presented to the jury with reasonable fullness and clearness the contentions and issues in his defense as set out in his plea."

The gist of the last special ground is that the court failed to charge with "reasonable fullness and clearness" the contentions of the defendant, and "failed to charge the jury any principles of law applicable to his plea and answer and the said evidence of said case." Even if it be granted that this ground is in proper form for the consideration of this court, we see no merit in the exception.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*