## S91A0168. HOWARD v. THE STATE.
(403 SE2d 204)

SMITH, Presiding Justice.

The appellant, Debra Suzanne Murray Howard, shot and killed Linda W. McCorvey with a handgun. She claimed that the shooting was in self-defense. Following a jury trial, Ms. Howard was found guilty of murder and she received a sentence of life imprisonment. We affirm.[1]

At the time of the shooting, Ms. Howard occupied the driver's seat of her parked automobile, while Gene Grim, the victim's boyfriend, occupied the passenger's side. The victim stood outside the vehicle on the driver's side. Ms. Howard testified that the victim, who was large and jealous, approached the vehicle, reached through the partially open driver's side door window and began to pull her hair, pinning her against the window. Ms. Howard claimed that while still pinned she retrieved her pistol and fired a warning shot. When the victim continued pulling Ms. Howard's hair, she fired the second and fatal shot.

The only other surviving eyewitness, Mr. Grim, testified that he neither heard the victim threaten Ms. Howard, nor saw the victim pull Ms. Howard's hair. He went on to state that he did not see or feel the automobile shake from any bodily contact.

Before the victim died, she told Dr. Charles F. Cowart, about the incident, relating that Ms. Howard threatened to shoot if the victim "took another step" toward the automobile. The victim went on to say, "I did, and she did." At trial the doctor's testimony about that conversation was allowed into evidence, over the objection of the defense counsel.

Medical testimony indicated that the victim died as a result of a gunshot wound causing traumatic injury to several internal organs of her chest. State experts testified that the bullet recovered from the victim's body matched test bullets fired from Ms. Howard's pistol. The investigating police officers testified that no weapon, other than Ms. Howard's pistol, was recovered from the scene of the crime, and they found no signs of blood or hair and no indications of a struggle.

Ms. Howard's sole enumeration of error on appeal is that Dr. Cowart's testimony about the victim's statements concerning the circumstances of the shooting should have been excluded as hearsay. We agree. The State urges that Dr. Cowart's testimony falls under the

---

[1] The crime was committed on July 1, 1989. The appellant was indicted on September 6, 1989. The Jenkins County jury returned its verdict of guilty on May 2, 1990. A motion for new trial was denied on October 12, 1990, and a notice of appeal was filed on October 18, 1990. The record was docketed in this Court on November 6, 1990. The case was submitted for decision without oral argument on November 26, 1990.

statutory hearsay exception of OCGA § 24-3-4. That statute reads:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar *as reasonably pertinent to diagnosis or treatment* shall be admissible in evidence.

The victim's statements to Dr. Cowart regarding the circumstances and activity prior to the shooting did not fall within the statutory exception because they were not reasonably pertinent to Dr. Cowart's diagnosis or treatment.

Nevertheless, we find that the error was harmless because it is " 'highly probable that the error did not contribute to the judgment.' " *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). "This court as a reviewing court must not . . . pass on the weight of the evidence, but on the sufficiency of the evidence to support the verdict." *Harris v. State*, 236 Ga. 766 (225 SE2d 263) (1976). "On appeal of a conviction based on a jury verdict we should examine the evidence in a light most favorable to support that verdict." *Smith v. State*, 245 Ga. 44 (262 SE2d 806) (1980). Expert testimony established that the victim died as a result of a gunshot fired from Ms. Howard's pistol. Ms. Howard admitted to the shooting. Although she took the stand in support of her claim of self-defense, the only other eyewitness, Gene Grim, stated that he did not see or hear the events recounted by Ms. Howard even though he was seated next to her in her vehicle. The police investigators found no evidence of any other weapon aside from the pistol used by Ms. Howard to kill the victim. There were no signs of the struggle that Ms. Howard claims occurred; there were no signs of blood or residues of hair. Thus resolving all conflicts in favor of the verdict, *Green v. State*, 242 Ga. 261 (249 SE2d 1) (1978), and reviewing the evidence in a light most favorable to the jury verdict using the criteria listed above, we find that a rational trier of fact could have found Ms. Howard guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 11, 1991 —
RECONSIDERATION DENIED MAY 13, 1991.

*Richard E. Allen,* for appellant.
*J. Lane Johnston, District Attorney, Michael J. Bowers, Attor-*

ney General, C. A. Benjamin Woolf, for appellee.

