A94A1053. JACKSON v. THE STATE.
(448 SE2d 763)

SMITH, Judge.

Willie B. Jackson was found guilty by a jury of armed robbery. Jackson's motion for new trial was denied, and he appeals.

1. Jackson enumerates as error the court's instructions on reasonable doubt. Specifically, he objects to that part of the charge in which the court stated that "the State is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty." Jack-

son cites only the emphasized portion of the charge and argues on appeal that "by digressing into mathematics, the court clearly implied that *probability* was sufficient for conviction." "However, in making this argument appellant focuses on several words in a lengthy and otherwise correct explanation of what constitutes reasonable doubt. It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." (Citations and punctuation omitted.) *Daniel v. State*, 207 Ga. App. 720, 722 (429 SE2d 130) (1993). "Considering the charge as a whole, we find no reasonable likelihood that the jury applied a standard of proof less stringent than that required by the state and federal due process clauses or other applicable law. [Cit.]" *Ruff v. State*, 212 Ga. App. 245, 246 (2) (441 SE2d 534) (1994).

2. In his second enumeration, Jackson contends that the court erred in instructing the jury as follows: "If upon a consideration of the evidence in this case you find that there is a conflict in the testimony of the witnesses or a conflict between a witness or witnesses, *it is your duty to settle this conflict, if you can, without believing that any witness made a false statement. If you cannot do this, then it becomes your duty to believe that witness or those witnesses you think best entitled to believe.* It is for you alone to determine what testimony to credit and what testimony you will discredit." (Emphasis supplied.) Jackson protests that conflicts in testimony are a matter for the jury to resolve and that the court's instruction intrudes into its exclusive province. However, as in his argument in support of his enumeration treated in Division 1, Jackson emphasizes a single phrase that does not accurately reflect the court's instruction as a whole. "The totality of the instruction, taken from Volume 2 of the Suggested Pattern Jury Instructions in Criminal Cases, cannot reasonably be heard by the jury to curtail or interfere with its fact-finding role in any way." *Frost v. State*, 200 Ga. App. 267, 271 (6) (407 SE2d 765) (1991).

3. In his final enumeration, Jackson challenges the sufficiency of the evidence to convict him under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Viewed to support the verdict, the evidence shows that the victim, who was operating a Flash Foods store, was robbed at gunpoint by a man wearing a mask at about 6:00 a.m. Ten to fifteen minutes after the robbery, Jackson was seen walking through a trailer park. He was picked up by a police officer, who noticed that Jackson was "sweating." Investigators located a pile of clothes that had been left in the woods behind the robbery scene. A tracking dog was allowed to get the scent of what Jackson was wearing at the time of his arrest. The dog then followed Jackson's trail from the front of the store to the clothes found behind the store and then to the trailer park where Jackson

had been seen shortly after the robbery. The patterns of the footprints made along the trail the tracking dog followed matched the pattern of Jackson's shoes. A photograph of those tracks and the shoes Jackson was wearing at the time of his arrest were both introduced into evidence. Moreover, an expert testified that when he compared fibers taken from the clothes Jackson was wearing at the time of his arrest to those taken from the clothes found in the woods, he could "find no difference" between them.

The State's evidence, though circumstantial, was sufficient to authorize the jury to find Jackson guilty of armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Pope, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 21, 1994.

*Joe H. Thalgott, Morris S. Robertson, Celia Larsen,* for appellant.

*Ralph M. Walke, District Attorney, Peter F. Larsen, L. Craig Fraser, Assistant District Attorneys,* for appellee.