## S95A0672. MINTER v. THE STATE.
(463 SE2d 119)

Sears, Justice.

Appellant Joseph Minter appeals from a jury verdict finding him guilty of malice murder, but mentally ill. We find that the trial court erred by preventing Minter during closing arguments from discussing certain law to be included in the court's charge to the jury, but that this error was harmless. Because we reject all of Minter's other enumerations, we affirm.

The facts proved at trial show that Minter, a minister at a DeKalb County church, participated in services one Sunday morning, and then proceeded to the parking lot where his truck was parked. Minter's estranged wife followed him to the parking lot. When his wife approached him, Minter reached into his truck, retrieved a pistol, and shot and killed her. Minter then got into his truck and drove away from the church. Later that same day, Minter surrendered to police, stating that he had shot someone. At trial, Minter interposed an insanity defense.[1]

1. Having reviewed the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that Minter was guilty, but mentally ill.[2]

2. The Criminal Code provides that:

[i]n all cases in which the defense of insanity is interposed, the trial judge shall charge the jury . . . (A) . . . that should

---

[1] The murder was committed on June 6, 1993. Minter was indicted on July 9, 1993, and the trial was held on November 15-22, 1993. Minter filed a motion for new trial on November 22, 1993, and was sentenced to life imprisonment on November 23, 1993. The transcript was certified by the court reporter on February 17, 1994, and the motion for new trial was denied on December 9, 1994. Minter timely filed a notice of appeal with this Court on January 3, 1995. The appeal was docketed in this Court on January 19, 1995, and submitted for decision without oral argument on March 13, 1995.

[2] Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

you find the defendant not guilty by reason of insanity at the time of the crime, the defendant will be committed to a state mental health facility until such time, if ever, that the court is satisfied that he or she should be released pursuant to the law[, and] (B) . . . that should you find the defendant guilty but mentally ill at the time of the crime, the defendant will be given over to the Department of Corrections or the Department of Human Resources, as the mental condition of the defendant may warrant.[3]

The trial court granted the State's motion to prevent Minter from discussing during closing arguments the law regarding the different ramifications of verdicts of not guilty by reason of insanity, and guilty but mentally ill. The court ruled that during closing arguments, Minter could only emphasize to the jury that it should pay close attention to the court's instructions regarding those two possible verdicts. Minter claims that this ruling undermined his insanity defense, and improperly emphasized to the jury the option of finding Minter guilty but mentally ill. Subsequently, the trial court properly charged the jury regarding the different ramifications of the two verdicts, as required by the above-quoted language from OCGA § 17-7-131.

The practice of counsel "reading the law" to a jury was abolished in Georgia over 20 years ago.[4] However, counsel still may discuss, or even argue, during closing arguments the law that will be included in the court's charge. "Counsel [has] every right to refer to [the] applicable law during closing argument (i.e., [the] law that the court is going to give in the charge)."[5] Accordingly, the trial court erred by prohibiting Minter during closing arguments from discussing the law regarding the different ramifications and dispositions associated with verdicts of guilty but mentally ill, and not guilty by reason of insanity.

However, we find it highly probable that this error did not contribute to the guilty but mentally ill verdict in this case, and thus was harmless.[6] When charging the jury, the trial court properly instructed on the different ramifications of and dispositions under the two different verdicts, as required by the Code. Thus, the jury was adequately informed at the time it reached its verdict of the ramifications of its decision. Moreover, we fail to see how the court's refusal to allow Minter to discuss this law during closing arguments encouraged the jury to find Minter guilty but mentally ill, rather than

---

[3] OCGA § 17-7-131.

[4] See *Conklin v. State*, 254 Ga. 558, 570-571 (331 SE2d 532) (1985); *Central of Ga. R. Co. v. Sellers*, 129 Ga. App. 811, 814-815 (201 SE2d 485) (1973).

[5] *Conklin*, 254 Ga. at 570-571.

[6] See *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) (1991); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

legally insane, as Minter claims.[7] Accordingly, we reject Minter's first enumeration.

3. Minter claims that the trial court erred in instructing the jury that it could consider the possible verdicts in any sequence it desired. The trial court instructed the jury that (1) if it found Minter not guilty by reason of insanity, then it must cease deliberating, and (2) "if, and only if," the jury did not find Minter not guilty by reason of insanity, could it consider whether he was guilty but mentally ill. The trial court even repeated the latter instruction in order to ensure that the jury understood it. The trial court later instructed the jury to consider the possible verdicts independently, and in whatever sequence it desired.

The trial court's instruction complied with our ruling in *Keener v. State* that the trial court must make clear to the jury in its charge that if it finds a defendant not guilty by reason of insanity, deliberations must cease, and the jury may not go on to consider a possible guilty but mentally ill verdict.[8] It is true that the trial court's sequential instruction, standing alone, conceivably could be viewed as inconsistent with its *Keener* instructions. However, we find that any such inconsistency would be slight. Considering the court's charge as a whole, as we must,[9] we find no reasonable likelihood that the jury disregarded the court's *Keener* instruction.

4. Minter also argues that the trial court abused its discretion by allowing the State's expert witness, a pathologist, to render an opinion regarding the medical basis asserted in support of Minter's insanity defense. Minter relied upon the testimony of an expert endocrinologist and an expert psychiatrist, in support of his argument that he suffered from severe hyperparathyroidism and hypertension, which was characterized at the time of the murder by psychotic, delusional, and schizoid symptoms, rendering him legally insane.

The State's witness, a county medical examiner, was qualified as an expert in forensic pathology. In addition to testifying about the gunshot wounds that killed Minter's wife, the State's expert opined that hyperparathyroidism and hypertension do not normally result in psychotic or delusional symptoms. It was established that the expert pathologist was a trained and licensed physician who had limited practical experience treating patients who suffered from hyperparathyroidism. As such, he was qualified to render an opinion regarding

---

[7] See OCGA §§ 16-3-2; 17-7-131 (a) (2) (1992 and 1995 Supp.); *Lawrence v. State*, 265 Ga. 310, 312-313 (454 SE2d 446) (1995).

[8] *Keener v. State*, 254 Ga. 699, 702-703 (334 SE2d 175) (1985).

[9] See *Jackson v. State*, 214 Ga. App. 683, 684 (448 SE2d 763) (1994).

the medical basis asserted by Minter in support of his insanity defense.[10]

5. We have examined Minter's other enumerations of error, and find them to be without merit.[11]

*Judgment affirmed. All the Justices concur.*

CARLEY, Justice, concurring.

I fully join the majority's opinion in this case and the affirmance of the judgment of conviction entered on the verdict. I write separately to emphasize that, in Division 2 of the opinion, this Court has decided an issue of first impression in determining that counsel in an appropriate criminal case may argue "the different ramifications and dispositions associated with verdicts of guilty but mentally ill, and not guilty by reason of insanity." (Majority opinion, page 74.) This holding is mandated because OCGA § 17-7-131 now requires that the trial court instruct the jury with regard to the disposition which will result from each of those verdicts. Although under the facts and circumstances of *this case* we found the error of the trial court in prohibiting such argument to be harmless, it nevertheless was error. Our holding in this regard is consistent with the sanctity the courts of Georgia have always accorded to the right of argument of counsel. As he usually did, Justice Logan E. Bleckley said it most eloquently:

> Argument is not only a right, but a material one. It is not a mere ornamental fringe, hung upon the border of a trial. Trial, under our system, is a co-operation of minds — a grave and serious consultation over what should be done and how the end should be accomplished. The attorneys in the cause are not mere carriers to bring in materials for constructing the edifice; they have a right, as representing the parties, to suggest where every important stone should be

---

[10] See *Avret v. McCormick,* 246 Ga. 401 (271 SE2d 832) (1980); *Glover v. State,* 129 Ga. 717, 726 (59 SE 816) (1907); *Beatty v. Morgan,* 170 Ga. App. 661, 662 (317 SE2d 662) (1984); *Brisendine v. Hunt,* 43 Ga. App. 115, 119 (158 SE 469) (1931); Agnor, Georgia Evidence, § 9-5 (1993).

[11] These include claims that the trial court erred (1) when recharging the jury on the offenses charged against Minter without including as part of that recharge a recitation of the possible verdicts; (2) when recharging on reasonable doubt without reciting an inaccurate statement that the State had the burden of proving Minter's sanity beyond a reasonable doubt; (3) when it failed to replace a juror who was incorrectly alleged to have had contact with a member of the victim's family; (4) in refusing to charge the jury on involuntary manslaughter and accident, and in refusing to comply with the defense's request that the jury be charged regarding the strict construction of criminal laws; (5) in giving an incomplete charge on circumstantial evidence; (6) in allowing the State to call a witness, Minter's former roommate, whose first name and address was not part of the State's witness list; (7) in admitting into evidence an inculpatory statement Minter made to the victim's uncle while incarcerated; and (8) in not charging the jury on insanity due to delusional compulsion.

laid, and to assign reasons, drawn from legitimate sources, in support of their suggestions. Their reasons may be good or bad, but such as they are, they should be heard and considered.

*VanDyke v. Martin*, 55 Ga. 466, 469-470 (1875). Thus trial courts in this state are encouraged to carefully safeguard the right of counsel for both sides to argue within the limits of the law. An error of a trial court may be harmless, as we have found it to be in this case, but the error becomes harmless only when an appellate court determines that it is. As Justice Bleckley also said,

> [a]mple opportunity for full argument is certainly an important right to the parties, and if denied on the main trial of a case, civil or criminal, the denial would furnish sufficient reason, *generally*, for a new trial. [Cits.]

(Emphasis supplied.) *Early & Lane v. Oliver & Norton*, 63 Ga. 11, 18 (2) (1879).

DECIDED NOVEMBER 6, 1995 —
RECONSIDERATION DENIED DECEMBER 15, 1995.

*Corinne M. Mull*, for appellant.
*J. Tom Morgan*, District Attorney, *Barbara B. Conroy, Sheila A. Connors*, Assistant District Attorneys, *Michael J. Bowers*, Attorney General, *Marla-Deen Brooks*, Assistant Attorney General, for appellee.