## S99A0413. KIRKLAND v. THE STATE.
### (518 SE2d 687)

HINES, Justice.

Kenneth Kirkland appeals his convictions for malice murder, felony murder, and possession of a firearm by a convicted felon. For the reasons that follow, we affirm.*

---

* The crimes occurred on September 24, 1997. On December 9, 1997, a DeKalb County grand jury indicted Kirkland on charges of malice murder, felony murder while committing the felony of aggravated assault, felony murder while committing the felony of possession of a firearm by a convicted felon, and possession of a firearm by a convicted felon. He was tried before a jury on April 14-16, 1998 and found guilty on all counts. On April 17, 1998, the court sentenced Kirkland to life imprisonment for malice murder and five years imprisonment for possession of a firearm by a convicted felon, to be served concurrently with the life term; the felony murder convictions stood vacated by operation of law. Kirkland moved for a new trial on April 22, 1998, which was denied on October 23, 1998, and Kirkland filed a notice of appeal on November 20, 1998. His appeal was docketed in this Court on December

Responding to a shooting report, police found Kenneth Lawson in the front passenger seat of a car, dead from two gunshot wounds in the right shoulder and neck. Kirkland and Lawson, who were friends, were with other friends in front of a house, drinking and doing drugs. Lawson frequently teased Kirkland about his small size, which embarrassed and angered Kirkland. On the evening of the murder, Kirkland became angry when he believed he overheard Lawson, who was seated in a car, speaking to another person and making fun of him. Kirkland went to retrieve his gun. Upon returning, Kirkland showed the gun to Lawson who continued to laugh at him. Kirkland then fired the two fatal shots.

When the police located Kirkland, he surrendered, putting his hands up and saying he "did it" and that he had a good reason. He was taken to the police station, was read his *Miranda* warnings, waived those rights, and made a statement in which he admitted shooting Lawson.

1. Kirkland's statement was entered into evidence and he testified at trial that he shot Lawson. He contends these confessions were uncorroborated and therefore insufficient to support his convictions. See OCGA § 24-3-53. The statute is satisfied if the confession is corroborated in any particular. *Miller v. State*, 268 Ga. 1, 2 (485 SE2d 752) (1997). Lawson was found dead in a car owned by Truitt, which is the car which Kirkland identified as the place he shot Lawson. Kirkland also stated he fired two shots from a two-shot .38 caliber pistol; medical evidence showed Lawson died from being shot by two bullets that were larger than .32 caliber. Kirkland's statements were sufficiently corroborated to satisfy OCGA § 24-3-53.

Further, the evidence authorized the jury to find Kirkland guilty of the crimes of which he was convicted under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Kirkland contends the court should have struck two prospective jurors for cause. Voir dire of the jury panel was not recorded, but the court permitted Kirkland to perfect the record on the matter. One juror stated that she did not believe anyone should possess a firearm and expressed the opinion that this belief would affect her ability to be fair and impartial, knowing that the defendant had possessed a pistol. The court asked the juror whether she could put aside those feelings and decide the case based on the evidence and the court's instructions, specifically inquiring about the charge relating to possession of a firearm, and the juror responded that she could and would do so.

10, 1998, and was submitted for decision without oral argument on February 1, 1999.

The second juror at issue emotionally recounted that two acquaintances and relatives of friends had been shot and killed, and that this could affect her ability to be fair and impartial. The court inquired whether she could put aside those feelings and decide the case based on the evidence and the court's instructions, and the juror responded that she could and would do so.

Whether to strike a juror for cause lies within the sound discretion of the trial court. *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993). Before a juror is to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. Id.; *McClain v. State*, 267 Ga. 378, 380 (1) (a) (477 SE2d 814) (1996). A conclusion on an issue of bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference. *Holmes v. State*, 269 Ga. 124, 126 (2) (498 SE2d 732) (1998).

Neither of the challenged jurors expressed an opinion on Kirkland's guilt or innocence, and upon further questioning both unequivocally testified that they could put aside their feelings and experiences and properly decide the case. The court did not abuse its discretion in refusing to strike the two challenged jurors for cause.

3. During closing argument, the State showed visual aids on which were written the text of expected legal instructions. Prior to argument, Kirkland asked for, and received a continuing objection to this practice, on the ground that it was tantamount to a charge on the law, which is exclusively the province of the court. Unquestionably, the jury is to receive the law from the court, not from counsel. *Conklin v. State*, 254 Ga. 558, 570 (10) (331 SE2d 532) (1985). However, counsel have every right to refer to applicable law in argument; it is law that the court will *not* charge the jury that counsel is prohibited from presenting. Id. at 570-571. See also *Minter v. State*, 266 Ga. 73, 74 (2) (463 SE2d 119) (1995); *Kinsman v. State*, 259 Ga. 89, 92 (11) (376 SE2d 845) (1989). The practice of "reading the law" has been abolished in Georgia, but "counsel may still discuss, or even argue, during closing arguments the law that will be included in the court's charge." *Minter*, supra. Kirkland does not contend that the law shown on the visual aids was misstated or different from that which the court charged to the jury.[2]

---

[2] Kirkland also argues that, if the order in which the visual aids appear in the record reflects the order in which they were presented to the jury, it would constitute an improper sequential charge under *Edge v. State*, 261 Ga. 865 (414 SE2d 463) (1992). The record does not reflect the sequence in which the visual aids were used, but, even assuming that *Edge is*

Further, Kirkland fails to show any harm from the practice as the court informed the jury that its instruction on the law was to come from the court. Additionally, the evidence of Kirkland's guilt was overwhelming and it is highly unlikely that the State's action in closing argument contributed to the guilty verdicts, and thus any error associated with the State's argument was harmless. See *Carter v. State*, 269 Ga. 891, 893 (5) (506 SE2d 124) (1998).

4. Kirkland raises in this Court, for the first time, a claim of ineffective assistance of trial counsel. He was represented by attorneys of the DeKalb County Public Defender's Office both at trial and on his motion for new trial. Thus, it must be concluded that this issue is being raised at the first practicable moment. See *Ryan v. Thomas*, 261 Ga. 661, 662 (409 SE2d 507) (1991). As this claim has not been addressed by the trial court, the case is remanded for a hearing and determination on the ineffective assistance claim. *Russell v. State*, 267 Ga. 865, 868 (4) (485 SE2d 717) (1997).

*Judgments affirmed and case remanded with direction. All the Justices concur, except Fletcher, P. J., Sears and Carley, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

Although I agree with Divisions 1, 2, and 4 of the majority opinion, and concur in the ultimate judgment of affirmance and remand, I disagree with the holding in Division 3 that it is only the law which the trial court will *not* charge to the jury that counsel is prohibited from presenting to the jury in closing argument. Therefore, I concur specially.

It is fundamental that an attorney may not argue to the jury legal principles which differ from those the trial court will charge. However, Georgia case law also prohibits counsel from "reading the law" to the jury, even if it is correct and applicable. " 'Simply stated, the jury should receive law from the court and not from the attorneys.' [Cit.]" *Robinson v. State*, 215 Ga. App. 125, 127 (3) (449 SE2d 679) (1994). See also *Conklin v. State*, 254 Ga. 558, 570 (10) (b) (331 SE2d 532) (1985). Since *Conklin*, the rule in criminal cases has been the same as the rule initially established for civil cases. That rule prohibits counsel from reading law, regardless of its applicability, "from the Code or from appellate court decisions to the jury during closing argument." *Groover v. Dickey*, 173 Ga. App. 73, 76 (8) (325 SE2d 617) (1984). See also *Garrison v. Rich's*, 154 Ga. App. 663, 664 (3) (269 SE2d 513) (1980). It is clear that this prohibition would be circumvented if, instead of literally "reading," lawyers could display

---

a limitation on counsel's ability to refer to the law, there was no violation. See *Hill v. State*, 269 Ga. 23, 25 (3) (494 SE2d 661) (1998).

legal principles in printed form with an accompanying attribution to the Code of Georgia or appellate court opinions.

In this case, however, the prosecutor did not violate the mandate of *Conklin*, by reading from or citing any statute or opinion. Instead, she used visual aids with five short excerpts from the anticipated instructions, generally in outline form. Those visual aids attributed none of the excerpts to any statutory or case law. In my opinion, this was an acceptable method for counsel to present the State's legal position to the jury. *Oglethorpe Power Corp. v. Sheriff*, 210 Ga. App. 299, 303 (6) (436 SE2d 14) (1993); *Blossman Gas Co. v. Williams*, 189 Ga. App. 195, 200 (3) (375 SE2d 117) (1988). The prosecutor did not misstate the applicable law in the excerpts. Because the closing arguments were not transcribed, Kirkland has not made any showing that counsel orally attributed the excerpts as being from statutes or appellate decisions. Thus, I agree with the majority that Kirkland has shown no harm from the State's conduct.

I am authorized to state that Presiding Justice Fletcher and Justice Sears join in this special concurrence.

DECIDED JUNE 14, 1999.

*James S. Lewis*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General*, for appellee.