## S01A0368. OZUNO-RAMIREZ v. THE STATE.

(545 SE2d 911)

HUNSTEIN, Justice.

Ciprian Ozuno-Ramirez was found guilty of the malice murder of Maria Green and sentenced to life imprisonment. He appeals from the trial court's denial of his motion for new trial and we affirm.[1]

1. The jury was authorized to find that Green and Ozuno-Ramirez had been romantically involved at various times over a number of years. On the day of the murder, Green was in her home engaging in or just having completed an act of consensual sex with another man. Ozuno-Ramirez kicked in the door to Green's apartment, grabbed a butcher knife from a kitchen drawer and stabbed Green at least once while in the apartment. Ozuno-Ramirez then chased Green out of the apartment to the apartment complex's leasing office where employees tried to shield her from Ozuno-Ramirez. Ozuno-Ramirez pushed through the door of the leasing office, struggled with Green and stabbed her several more times before she broke free and employees were able to lock her in a closet for her own safety. Police found Green in the closet lying face down in a large pool of blood. She had sustained four stab wounds, at least two of which were fatal.

Reviewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found Ozuno-Ramirez guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Green's father, who lived in the Dominican Republic, testified at trial that three days before the murder a man identifying himself as Diomedes Ozuno called and asked if Green was in the Dominican Republic. The caller said he was looking for Green and that he was going to kill her and then himself when he found her. Green's father testified that the same person had called three times previously looking for his daughter and that the caller spoke Spanish in the Dominican Republic dialect. The evidence showed that Ozuno-Ramirez is from the Dominican Republic and a defense witness testified she knew Ozuno-Ramirez as Diomedes Ozuno.

Ozuno-Ramirez contends the trial court erred by admitting evidence of the telephone call because Green's father was not familiar with Ozuno-Ramirez's voice and could not identify him as the caller. He argues that the error was not harmless in that it eliminated his

---

[1] The crime occurred on October 8, 1998. Ozuno-Ramirez was charged with malice murder and felony murder and tried before a jury on June 7-10, 1999. He was found guilty of all charges and sentenced to life imprisonment. A motion for a new trial was filed on July 12, 1999, and denied on October 3, 2000. He filed a notice of appeal on October 30, 2000. The appeal was docketed in this Court on November 22, 2000, and submitted for decision on the briefs on January 15, 2001.

defense that he stabbed Green as a result of a sudden, violent and irresistible passion. Pretermitting the question of whether the trial court erred, we find the error, if any, was harmless. The State presented uncontroverted evidence that Ozuno-Ramirez, without any knowledge of who was in the apartment or what they were doing, violently kicked in the door to Green's apartment with such force that the deadbolt was torn from the jamb. He then stabbed her with a knife and chased her from her apartment for several hundred yards to the leasing office where he stabbed her again despite numerous intervention attempts by neighbors and employees of the apartment complex. Given the weight of this evidence, we find it highly probable that the admission of testimony concerning the telephone call did not contribute to the verdict. See generally *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) (1991).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001.

*Andrej S. Bajuk*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.